THE STATE ex rel. W. E. FORAKER, Administrator of Estate of JAMES STARLING FORAKER, v. DIMMITT HOFFMAN, Judge of Circuit Court.

In Banc, July 18, 1925.

1. **JURISDICTION**: Action Accruing in Another State: Interference With Interstate Commerce: Valid Statute: Mandamus. The statute (Sec. 1180, R. S. 1919) authorizing a suit to recover damages for the negligent killing in Kansas of a railroad employee, against a railroad corporation, to be brought in the courts of this State and in the county in which the corporation usually keeps an office or agent for the transaction of its usual and customary business, does not impose undue or unreasonable burdens upon interstate com-

309 Mo.—40.

merce, although both the employee and the corporation at the time of his death were engaged in interstate commerce, and numerous witnesses to establish the company's defense must be brought from Kansas to the place of trial, and they will thereby be taken out of interstate commerce during their absence; and the circuit court erred in dismissing said action on the ground that said Section 1180 is for those reasons invalid, and is required, by this mandamus suit, to reinstate said cause on its docket.

2. ———: ———: Interference with Interstate Commerce. The fact that a corporation is engaged in interstate commerce does not exempt it from suits in the state courts, if such suits are brought under the same circumstances under which and at the same places at which they could be maintained against it were it a domestic corporation engaged in intrastate shipments.

3. ———: ———: ———: Materiality of Question. The fact that a defendant corporation which negligently killed one of its employees was engaged, as he was at the time of his injury, in interstate commerce, is material only in determining whether the Federal courts have jurisdiction of such cases under the commerce clauses of the U. S. Constitution.

4. ———: Mandamus. Where the circuit court has dismissed an action on the ground that it has no jurisdiction and on the ground that the statute which expressly gives it jurisdiction is unconstitutional and void, plaintiff's remedy is by mandamus brought in this court to compel the circuit court to reinstate the cause on its docket and try it on its merits.

Corpus Juris-Cyc. References: Commerce, 12 C. J., Section 166, p. 118, n. 54 New. Corporations, 14a C. J., Section 4099, p. 1383, n. 81, p. 1384, n. 82. Mandamus, 38 C. J., Section 127, p. 629, n. 42.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Paul Barnett* for relator.

(1) Mandamus is the proper remedy. The possible right of appeal is not fully adequate, and mandamus will lie to compel the court to assume jurisdiction and try the cause. State v. Dickey, 219 S. W. 367; State ex rel. v. Homer, 249 Mo. 58; State ex rel. v. Shackelford, 263

Mo. 60; State ex rel. v. Phillips, 97 Mo. 331; Castello v. St. Louis Circuit Court, 28 Mo. 274; State ex rel. v. O'Bryan, 102 Mo. 259; State ex rel. v. Court, 73 Mo. 560; State ex rel. v. Holtcamp, 266 Mo. 372; State ex rel. Fleming v. Shackelford, 263 Mo. 52. (2) The trial court had jurisdiction of this cause and should have proceeded to exercise that jurisdiction. Sec. 1180, R. S. 1919; Davis v. Farmers Co-op. Co., 262 U. S. 312; International Harvester Co. v. Kentucky, 234 U. S. 579. If the corporation is actually within the State, it may be sued according to the provisions of the local statutes and without regard to whether it is engaged in interstate commerce or not. Maverick Mills v. Davis, 294 Fed. 404; O'Brien v. So. Bell Tel. Co., 292 Fed. 379; Knapp v. Bullock Tractor Co., 242 Fed. 543; Farmers & Merchants Bank v. Fed. Reserve Bank, 286 Fed. 566; Mutual Life Ins. Co. v. Nicholis, 24 S. W. 910; Denver Co. v. Roller, 100 Fed. 738; State ex rel. v. Grimm, 239 Mo. 135; 15 C. J. 791; 14a C. J. 1383; Peoples Tobacco Co. v. American Tobacco Co., 246 U. S. 79; Stephen v. Union Pacific, 275 Fed. 709. (3) The action of the trial court infringed upon relator's constitutional rights. State ex rel. v. Grimm, 239 Mo. 181. (4) This suit is permitted by act of Congress. 2 Roberts, Fed. Liability of Carriers, 1591.

*Montgomery & Rucker* for respondent.

(1) A state has no power to pass a law which imposes an undue or unreasonable burden upon interstate commerce and such a law when passed is void. International Textbook Co. v. Pigg, 217 U. S. 91; W. U. Tel. Co. v. Kansas, 216 U. S. 1; Norfolk Railroad Co. v. Pennsylvania, 136 U. S. 114; McCall v. California, 136 U. S. 104; Piccard v. Pullman Car Co., 117 U. S. 34; Ashier v. Texas, 128 U. S. 129; Davis v. Farmers Co-op. Equity Co., 262 U. S. 312. (2) It is a burden upon interstate commerce to permit suits to be brought in any other state than that in which the plaintiff resided at the time of his injury, or in which the cause of action accrued. Davis v. Farmers Co-op. Equity Co., 262 U. S. 312;

Maverick Mills v. Davis, 294 Fed. 406. (3) The fact that the defendant corporation is domiciled in the state in which the action is brought does not make a statute permitting such action any less a burden upon interstate commerce. Galveston Ry. Co. v. Texas, 210 U. S. 217; Phila. Steamship Co. v. Pennsylvania, 122 U. S. 326; Minnesota v. Barbour, 136 U. S. 313; Rollins v. Shelby Co. Taxing Dist., 120 U. S. 489. (4) An unconstitutional law is void or voidable and a corporation may question its constitutionality if an injured party. Union Pac. Ry. Co. v. Smith, 33 Kan. 745; Oregon Ry. Co. v. Oregon Ry Co., 23 Fed. 232; 14 C. J. p. 246. (5) The Federal Employers' Liability Act does not enlarge the jurisdiction of the State courts. Monder v. Ry. Co., 223 U. S. 1.

WOODSON, J.—This is an original proceeding by mandamus brought in this court by the relator against the respondent, as Judge of the Circuit Court of Pettis County, to compel him to proceed with the trial of the case of W. E. Foraker, administrator of the estate of James Starling Foraker, deceased, against the Missouri Pacific Railway Company, pending in the Circuit Court of Pettis County, Missouri.

The facts out of which this case grew will best appear by a substantial statement of the petition filed by the relator asking for the writ of mandamus, and the respondent's return thereto.

On November 21, 1923, James Starling Foraker died testate, at Wichita, Kansas, and left surviving him his father, J. B. Foraker, age seventy-nine years, and his mother, Emaline Foraker, age seventy-four years, both of whom were dependent upon him for support, and both of whom he had been supporting up to the time of his death, and at the time of his death he was a single man without any children or other dependents than his said father and mother.

The said James Starling Foraker at the time of his death, was a resident of Sedgwick County, in the State of Kansas, and on the 7th day of January, 1924, this

plaintiff was appointed administrator with the will an-nexed of the said James Starling Foraker, deceased, by the Probate Court of Sedgwick County, Kansas, and by reason of such appointment this plaintiff became the trustee for the benefit of the said J. B. Foraker and Ema-line Foraker of the cause of action herein stated.

The defendant is a corporation duly incorporated under and by virtue of the laws of the State of Missouri, and it owns and operates a railroad running through the states of Missouri and Kansas and running through Pettis County, Missouri, and in and through the city of Wichita, Kansas. And at the time of the death of the said James Starling Foraker he was an employee of de-fendant, and at the time of such death both he and the defendant were engaged in interstate commerce by rail-road.

On November 21, 1923, James Starling Foraker was employed by the defendant as a switchman in defendant's switching yards at Wichita, in the State of Kansas, and on said day while so employed, the switch engine being used by the crew of which James Starling Foraker was a member, went in on a track of the defendant, commonly known as the auto dock track, and coupled on to three cars and then backed off for the purpose of pulling said cars off of said track, all of which work was being done by defendant through its agents, servants and employees. The said James Starling Foraker, in the course of his employment, was riding on one of said cars, and his body was caught between one of said cars and an un-loading dock belonging to and under the control of the defendant, known as the auto dock, in such manner that he was crushed and thrown, and received injuries there-from from which he died. The death of the said James Starling Foraker was the direct result of the negligence of the defendant, its agents, servants and employees.

At the time of his death, James Starling Foraker was an able-bodied man regularly making large wages and his said father and mother were regularly receiving large sums from him for support, and would have continued

to receive the same had he not died, and they were his next of kin.

By reason of the above stated facts, the said J. B. Foraker and Emaline Foraker have been damaged in the sum of $30,000 for which sum, together with the costs of this suit, this plaintiff prays judgment against the defendant.

Thereafter, on the 1st day of the November, 1924, term of said court, the defendant filed a motion in said cause and in said court, which motion, omitting caption and signatures, is as follows:

"Comes now the defendant and appearing only for the purpose of this motion, moves the court to quash the writ of summons heretofore issued in this cause and to dismiss this action for the reason that Section 1180, Revised Statutes of Missouri of 1919, under which this action was brought and said writ issued, is unconstitutional for the reason that it allows jurisdiction in actions against carriers of interstate commerce which are based upon causes of action originating in other states where such suit might be lawfully maintained and thereby imposes upon interstate commerce a serious and unreasonable burden obnoxious to the commerce clause of the Constitution of the United States as contained in Section 8 of Article I of said Constitution of the United States and which gives to Congress the power to regulate commerce with foreign nations and among the several states and with the Indian tribes.

"The defendant further states that it is an interstate carrier engaged in interstate commerce in and between the states of Kansas and Missouri and many other states and that the cause of action sued upon in this cause accrued to the plaintiff in the State of Kansas; that this defendant has a great many employees working for it in the State of Kansas, and that there are many claims against this defendant for personal injuries and for loss and damage to freight, and that the amounts demanded in such claims are large and that the defendant often times deems it imperative or advisable to leave the de-

termination of its liability to the courts, but that litigation in states and jurisdictions remote from that in which the cause of action arose, entails absence of the defendant's employees from their customary occupations and thereby impairs the efficiency in operation of the defendant's business as an interstate carrier and causes directly·and indirectly heavy expense to this carrier.

"The defendant further states that said Section 1180 permits a railroad company, although engaged in interstate commerce, to be sued in any county in the State of Missouri where such corporation shall have or usually keep an' officer or agent for the transaction of its usual and customary business, wholly without regard to whether the cause of action of the plaintiff arose within or without the State of Missouri, or within a foreign state in which action might lawfully be brought without thereby imposing an undue and unreasonable burden upon interstate commerce.

"The defendant further states that the plaintiff was, at the time the cause of action sued upon arose, a resident of the State of Kansas, and that this administrator may lawfully maintain his action, if any, against this defendant in the State of Kansas, where the cause of action arose, without imposing any undue or unreasonable burden upon interstate commerce."

Thereafter, on the 12th day of November, 1924, said motion was taken up by the court for consideration and determination, and to sustain the allegations of the motion to dismiss the defendant offered in evidence an admission of the plaintiff and defendant, which admission was in writing and signed by the parties to this cause and was filed in said court. Said admission, omitting caption and signature, is as follows:

"It is admitted by the parties to this cause that the Missouri Pacific Railroad Company is a railroad corporation organized in 1917 under the laws of the State of Missouri and owning and operating a line of railroad running through Pettis County and other counties of the State of Missouri, and into and through the states of

Kansas, Arkansas, and other states of the United States; that it is a common carrier by railroad and is engaged in interstate commerce in the carriage of both freight and passengers; that the plaintiff is a citizen and resident of the State of Kansas and that James Starling Foraker, deceased, was, at the time of his death, a citizen and resident of the State of Kansas, and that the cause of action sued upon in this cause accrued in the State of Kansas; that defendant has at least eleven employees working for it in the State of Kansas who are competent and material witnesses in this cause; that there are many claims against the defendant for personal injuries and for loss and damages for freight and that the amounts demanded in such claims are often large, and that the defendant often deems it imperative or advisable to leave the determination of its liability to the courts; that defendant cannot safely proceed to trial in this cause without the testimony of some of its employees in the State of Kansas, and that to procure their attendance at the trial in Pettis County, Missouri, would cause absence from their work; that their work is connected with interstate commerce by railroad on the part of the defendant, and that to procure their attendance would involve expense upon the part of defendant. It is further admitted that the plaintiff may lawfully maintain his cause of action, if any, against the defendant in the State of Kansas where the cause of action arose.''

The above admission was the only evidence offered in support of the defendant's motion to dismiss. Whereupon, the court sustained said defendant's motion to dismiss and held that the Circuit Court of Pettis County, Missouri, had no jurisdiction to try said cause of action, and held that Section 1180, Revised Statutes 1919, was, as to this defendant and this suit, unconstitutional under Section 8 of Article I of the Constitution of the United States, which gives to Congress the power to regulate interstate commerce, because to permit said suit to be maintained would be an undue burden upon interstate commerce. To which action of the court the plaintiff

then and there duly excepted and saved his exceptions at the time.

Relator states that said cause of action was brought under Sections 1180, 1163, 1156, Revised Statutes 1919, and under the Federal Employers' Liability Act, and the plaintiff did not bring said suit for his own benefit, but for the benefit of the father and mother of James Starling Foraker, deceased, who were dependent upon him for support, and he did not bring said suit as administrator in the administration of the estate of James Starling Foraker, but as *ex-officio* trustee for the father and the mother of James Starling Foraker, deceased.

After Missouri Pacific Railroad Company had filed its motion to dismiss said petition and suit, and before said motion was passed upon, plaintiff filed written objections to the sustaining of such motion, raised a constitutional question as quickly as it could be raised, which written objections, omitting caption and signatures, were as follows:

"Comes now the plaintiff in the above entitled cause and objects to the court's sustaining defendant's motion to dismiss for the following reasons:

"1.   Because Missouri Pacific Railroad Company is a corporation organized under the laws of the State of Missouri, and Section 1180, Revised Statutes 1919, is a part of its charter and the provisions thereof are a burden upon defendant which it voluntarily assumed.

"2.   Because under the provisions of the Employers' Liability Act this suit is expressly authorized to be brought in this court.

"3.   Because the institution of this suit is no such a burden upon interstate commerce as is unreasonable or unconstitutional.

"4.   Because defendant is actually present in the State of Missouri and in Pettis County.

"5.   Because, for this court to deny plaintiff the right to sue in this court would be to deny to him the privileges and immunities of citizens of the several states and of the State of Missouri and of the United

States, and would abridge the privileges and immunities as a citizen of the United States, contrary to Section 2, Article 4, and Section 1 of the Fourteenth Amendment, of the Constitution of the United States.''

Relator states that the respondent, the Honorable Dimmitt Hoffman, Judge of the Thirtieth Judicial District of Missouri, did not erroneously exercise his jurisdiction and did not err in the exercise of his jurisdiction, and did not hold that the Circuit Court of Pettis County, Missouri, had not jurisdiction upon a hearing of the cause, but said judge simply erroneously held that he had no jurisdiction over said cause and refused, upon a preliminary motion, to exercise any jurisdiction whatsoever over said cause or the parties thereto; and this relator has no adequate remedy at law or in equity, because the court has refused to hear said cause and an appeal could not present the issues in said cause to the consideration of this court, but only the preliminary matter as to whether or not said cause should be considered at all; and there is a doubt in the present state of the law of the State of Missouri as to whether such question could be determined upon appeal, and if it could be determined upon appeal, said appeal would be an inadequate remedy because it would take a second appeal to determine the merits of the cause.

Relator states that said cause was properly brought in the Circuit Court of Pettis County, Missouri, and said defendant railroad company was properly served with process, and the Circuit Court of Pettis County had jurisdiction over the subject-matter of said cause of action and over the parties thereto, and the respondent, the Honorable Dimmitt Hoffman, as said judge of said court, has refused and still refuses to exercise his jurisdiction or to entertain jurisdiction of said cause or the parties thereto.

Wherefore, the relator prays the court for a writ of mandamus requiring the respondent, as judge of the Circuit Court of the Thirtieth Judicial Circuit of Missouri, to set aside his order dismissing the case of W. E. Foraker, Administrator of the Estate of James Starling

Foraker, deceased, plaintiff, v. Missouri Pacific Railroad Company, defendant, and requiring him as such judge to entertain jurisdiction of said case, and requiring him to further proceed in such case in the exercise of such jurisdiction according to law.

As previously stated on the 25th day of November, 1924, this court issued its alternative writ of mandamus in this case.

On the 16th day of December, 1924, the respondent filed in this court its demurrer, which demurrer, omitting caption and signatures, is as follows:

"Comes now the respondent in the above entitled cause and for answer and return demurs to the petition and writ of the relator for the following reasons:

"1. Because said petition, and the matters and things as stated and set forth therein, is not sufficient in law or in equity to entitle the relator to the relief asked for in said petition or to authorize the issuing of a peremptory writ of mandamus.

"2. Because said petition does not show that relator has exhausted or availed himself of all legal remedy (other than mandamus) to secure the vacation of the orders complained of in his petition or that he is otherwise without any adequate remedy.

"3. Because if respondent had assumed jurisdiction of the cause of W. E. Foraker, Administrator of the Estate of James Starling Foraker, deceased, v. Missouri Pacific Railroad Company, respondent's action in so doing would have been in violation of the commerce clause of the Constitution of the United States."

Thereafter the relator filed in this court a motion for judgment on the pleadings.

I. Counsel for relator first insists that under Section 1180, Revised Statutes 1919, providing that "Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this State, then in either

of such counties, or in any county where such corporation shall have or usually keep an office or agent for the transaction of its usual and customary business,'' the Circuit Court of Pettis County had jurisdiction of the case against the railroad.

Counsel for respondent do not contend that this section of the statute does not authorize the bringing of this suit in the Circuit Court of Pettis County, but insist that said section is void and of no force or effect in cases involving interstate commerce—in that it imposes undue or unreasonable burdens upon interstate commerce and is therefore in violation of the commerce clause of the Constitution, citing the following cases in support thereof:   Textbook Co. v. Pigg, 217 U. S. 91;  Western Union Tel. Co. v. Kansas, 216 U. S. 1; Norfolk & Western v. Pennsylvania, 136 U. S. 114; McCall v. California, 136 U. S. 104; Pickard v. Car Co., 117 U. S. 34; Ashier v. Texas, 128 U. S. 129; Davis v. Farmers Equity Co., 262 U. S. 312.

We have investigated all these cases, and without stopping to analyze them here, we are of the opinion that none of them sustains the position contended for by counsel for respondent.

The case of Davis v. Farmers Co-operative Equity Co., 262 U. S. 312, seems to come nearer to holding what counsel for respondent contend for, yet the facts in that case were so radically different from those of this case, it cannot be held to sustain the insistence made in this case.  In that case the Supreme Court held that to permit a suit against the director general of railroads, operating a foreign railroad corporation, not operating or owning any line of railroad in the State, to be brought by a non-resident of the State, on a cause of action which did not arise in the State, where the only agent of the railroad company upon whom service was had was a mere soliciting agent to solicit foreign traffic to be forwarded over its railroad lines outside of the State, was an undue burden upon interstate commerce and should not be permitted, and that the Supreme Court of the United States

had jurisdiction to determine the matter under the commerce clause of the Federal Constitution.

The facts of this case are that the respondent was the owner and operator of a railroad in this State, and had an agent upon whom service was had, and who transacted the ordinary and usual business of the company in Pettis County, through which the railroad ran.

But independent of that case, the same court has held that the fact that a corporation is engaged in interstate commerce does not exempt it from suits in the state courts, under the same circumstances and at the same place, as though it were not engaged in interstate commerce. [International Harvester Co. v. Kentucky, 234 U. S. 579.]

The fact that the defendant is engaged in interstate commerce is only material in determining whether or not the Federal courts have jurisdiction in those classes of cases, as provided for by the commerce clauses of the Constitution. In such cases it is not important to determine where they may be brought. The Supreme Court of the United States has always held that the presence in the state of a mere soliciting agent and nothing more, does not make a foreign corporation present in the state, so as to subject it to a suit and process of the local or state courts. [Maverick Mills v. Davis, 294 Fed. 404, l. c. 406; O'Brien v. Tel. Co., 292 Fed. 379; Knapp v. Tractor Co., 242 Fed. 543; Bank v. Fed. Reserve Bank, 286 Fed. 566; Ins. Co. v. Nichols, 24 S. W. 910; Denver & R. G. Ry. Co. v. Roller, 100 Fed. 738; State ex rel. v. Grimm, 239 Mo. 135; 15 C. J. 791; 14a C. J. 1383; People's Tobacco Co. v. Amer. Tobacco Co., 246 U. S. 79; Stephan v. Union Pac. Ry. Co., 275 Fed. 709.]

This court has sustained an action against an interstate carrier under the statutes of Missouri, where the bringing of the action constituted a much heavier burden upon interstate commerce than would be imposed by the prosecution of the instant case. Thus, it has been held by this court that a foreign corporation might bring a suit in Missouri upon a transitory cause of action against

a foreign railroad corporation engaged in interstate commerce, even though the cause of action accrued outside of the State and the defendant railroad had no line and no agent in the State. The process was served by summoning as garnishee, another railroad company which had an agent in the State and which owed a balance to the defendant corporation. [State ex rel. Railway v. Taylor, 298 Mo. 474; Affirmed by Supreme Court of the United States, 45 Sup. Ct. Rep. 47.]

II.    There is no merit in the contention that mandamus was not the proper remedy in this case. [State v. Dickey, 223 S. W. 1. c. 766; State ex rel. v. Homer, 249 Mo. 58; State ex rel. v. Shackelford, 263 Mo. 1. c. 60; State ex rel. v. Philips, 97 Mo. 331; State v. Seehorn, 223 S. W. 1. c. 667; Castello v. St. Louis Circuit Court, 28 Mo. 1. c. 274; Morton v. Telegraph Co., 217 S. W. 1. c. 834; State ex rel. v. O'Bryan, 102 Mo. 1. c. 259; State ex rel. v. Court, 73 Mo. 560.]

III.    For the reasons stated the peremptory writ of mandamus is ordered to issue. All concur.