STATE of Missouri ex rel. AMERICAN IN-
STITUTE OF MARKETING SYSTEMS,
INC., Relator,

v.

Hon. George W. CLOYD, Judge, Respondent.

No. 53959.

Supreme Court of Missouri,
En Banc.

Nov. 12, 1968.

Love, Mann & Gerard, Chester A. Love
and Edwin Rader, Clayton, for relator.

F. Douglas O'Leary, Moser, Marsalek,
Carpenter, Cleary & Jaeckel, St. Louis, for
respondent.

HOLMAN, Chief Justice.

This is an original mandamus proceeding
wherein relator seeks to compel respondent
(a judge of the Circuit Court of St. Louis
County) to exercise jurisdiction and pro-
ceed in a suit filed by relator against Ken
Lazenby, d/b/a Ken Lazenby Real Es-
tate. It appears that Lazenby is a resident
of Fayetteville, Arkansas, and that the

summons was served on William R. Dorsey in St. Louis County as the appointed agent of Lazenby. Lazenby (hereinafter referred to as defendant) filed a motion to quash the service of process which was sustained by respondent. Thereafter, upon petition of relator, we issued our alternative writ of mandamus. The question for decision in this case is the validity of a contractual provision wherein defendant (referred to therein as "broker") purported to appoint Dorsey as his agent for the service of process.

Relator, American Institute of Marketing Systems, Inc. (hereinafter sometimes referred to as AIMS), operated a system whereby it furnished certain services and materials to real estate brokers. On September 5, 1967, defendant entered into a written contract with AIMS to receive services as therein provided and to pay designated sums therefor. Upon the alleged failure of defendant to make the contractual payments the suit in question was filed.

The contract involved was four pages in length and paragraph 5(f) provides as follows:

"AIMS and Broker mutually agree that William R. Dorsey, 130 S. Bemiston, Clayton, Missouri 63105 shall serve AIMS as its nominee for the receipt of materials under sub-paragraph 5a above and shall serve Broker as Broker's appointed Agent for the receipt of any legal documents including the service of process as may be required under this Agreement as defined below or the enforcement thereof by AIMS or its successors or assigns, or by any holder of any part, both of which appointments shall be irrevocable. In case of death or resignation of William R. Dorsey, Floyd D. Stewart at the same address shall be substituted under the same terms. Agent will notify other party promptly upon the receipt of any items."

The contract also contains the provision that "Broker hereby acknowledges that this Agreement has been read and thoroughly understood and Broker does hereby agree to all of the terms and conditions contained herein."

Relator contends that there was valid service of summons upon defendant in St. Louis County on January 22, 1968, when the sheriff delivered a copy of the summons and petition (as shown by the sheriff's return) "to Ken Lazenby, d/b/a Ken Lazenby Real Estate, Defendant herein, by serving Wm. Dorsey, the appointed agent." There is no dispute about the fact that Dorsey promptly mailed the papers to defendant who received them in Fayetteville a few days later.

Civil Rule 54.06, V.A.M.R., provides that service shall be made upon an individual in various ways, including "by delivering a copy of the summons and of the petition to an agent authorized by appointment or required by law to receive service of process." Section 506.150(1) (statutory references are to RSMo 1959, V.A.M.S.) contains the same provision.

■ There can be no question but that Civil Rule 54.06 authorizes the service of summons upon an individual by delivery thereof to "an agent authorized by appointment * * * to receive service of process." The only question for our decision is whether the provision of the foregoing contract, when considered in connection with the relevant facts, is sufficient to bring this case within the application of the quoted rule. We have concluded that the contractual provision is valid; that its terms were complied with; and that under the provisions of Civil Rule 54.06 the service upon the defendant was valid and hence the respondent erred in sustaining the motion to quash service. Under circumstances of this nature mandamus is an appropriate remedy to compel the judge of the circuit court to proceed with the case. State ex rel. Foraker v. Hoffman, 309 Mo. 625, 274 S.W. 362 [2].

No Missouri case has been cited which would appear to be directly applicable to

the question here presented and we have found none. Relator relies primarily on the case of National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354. That case is directly in point and strongly supports the contention of relator that the service in question was valid. There the petitioner, a resident of New York, entered into a farm equipment lease with defendants who resided in Michigan. Upon default, suit was filed in the United States District Court in New York and process served upon the appointed agent of defendants in New York. The basis for the agency was a provision in the rental contract, as follows: "[T]he Lessee hereby designates Florence Weinberg, 47–21 Forty-first Street, Long Island City, N. Y., as agent for the purpose of accepting service of any process within the State of New York." Defendants were not acquainted with Mrs. Weinberg. Upon receipt of the summons and complaint Mrs. Weinberg promptly mailed them to the defendants. The Supreme Court of the United States held that the service in New York was valid and was authorized by the quoted contractual provision and the federal rule which is substantially the same as Civil Rule 54.06.

In contending that the provision of the contract was not sufficient to support the instant service of summons, respondent's first point is stated in his brief as follows: "The fundamental question to be decided is whether defendant Lazenby agreed to waive his right to be sued in Arkansas and consented to a method by which he could be sued in Missouri. Because the contract provision is vague and ambiguous and does not mention directly or indirectly relinquishment of this valuable legal right, it is therefore not sufficient to show agreement either to Relator's primary object of suit in Missouri or the incidental means of appointment of an agent for that purpose." We rule this point against respondent. The authorities cited in support of said contention all state well-known rules relating to contracts and the construction thereof but are not directly applicable. See

New York Cent. R. Co. v. Chicago & E. I. R. Co., 360 Mo. 885, 231 S.W.2d 174, Shofler v. Jordan, Mo.App., 284 S.W.2d 612, and Paro v. Pennsylvania R. Co., Mo.App., 348 S.W.2d 613.

The contract provision is not vague or indefinite. It plainly provides that Dorsey is appointed as defendant's agent "for the receipt of any legal documents including the service of process as may be required under this agreement * * * or the enforcement thereof by AIMS." We do not think it was necessary that it go further and specifically state that defendant consented that he might be sued in Missouri and waived his so-called "right" to be sued only in Arkansas. Actually, defendant had no "right" to be sued only in Arkansas. Even in the absence of the contract, relator could have sued defendant in Missouri, and, if service had been obtained upon him in this state (which was certainly a possibility), could have obtained a valid personal judgment. § 508.010. Moreover, any reasonably intelligent businessman would have understood that it was not necessary for him to appoint an agent in St. Louis County for service of process in order that he might be sued in Arkansas. Therefore, the only reasonable construction that could be placed upon the provision in question is that defendant was appointing a process agent who resided in St. Louis County so that AIMS could, if necessary, enforce its contract by filing a suit against him in that county.

Respondent says the provision before us is distinguishable from the one in the Szukhent case. He calls our attention to the fact that the appointment provision in this case is "buried" in the middle of the instrument, while the one in Szukhent was at the end, just above the signatures. We attach no significance to that point. It is also pointed out that the provision in Szukhent mentions that the appointment is for acceptance of process within the State of New York, while the one before us has no statement concerning service in Mis-

souri. We do not think that distinction is of any substantial importance. In our case the address of the agent was given which showed that he either resided or had an office in St. Louis County, Missouri. The only reasonable inference to be drawn from the whole provision is that it contemplated that service would be had upon the agent in St. Louis County or at least within the State of Missouri.

■ The remaining contention of respondent is stated in his brief as follows: "The failure of the contract to provide for adequate notice to defendant rendered the provision in question invalid under Missouri law." This point was ruled contrary to respondent's contention in the Szukhent case. In that case there was no express procedure specified by which the agent would give notice to the defendants. She did, however, promptly transmit the papers to the defendants after service. As we have heretofore stated, the service was held to be valid. In the case at bar, while the contract did not specify any definite method for transmitting the summons to defendant, it did provide that the "[a]gent will notify other party promptly upon receipt of any items." This is therefore a stronger case for validity than Szukhent.

Respondent, however, says that we are not bound to follow the Szukhent case in determining a question of this kind and that our case of State ex rel. Pressner & Co. v. Scott, Mo.Sup., 387 S.W.2d 539, is sufficient authority for holding the instant provision invalid. We do not agree. In Scott we held a statute unconstitutional which provided for service of summons on unlicensed foreign corporations by serving the Secretary of State. The difficulty with that statute was that it provided an impossible method of transmitting notice to the corporate defendants involved. The difference in the factual situation makes Scott inapplicable to the question before us. Moreover, it is obvious that an entirely different rule applies to a situation where an individual appoints an agent for service of process and that in which a

state, by statute, attempts to subject non-residents to the jurisdiction of its courts. We rule this point adversely to respondent.

Alternative writ of mandamus made peremptory.

All concur.