JOHNSON v. McADOO, Director General of Railroads, et al.

(District Court, E. D. Louisiana, New Orleans Division. May 8, 1919.)

No. 15938.

1. RAILROADS ⚖⚊5½, New, vol. 6A Key-No. Series—FEDERAL CONTROL—SUITS
—STATUTES.
　　Under Act March 21, 1918 (Comp. St. 1918, §§ 3115¾a–3115¾p), litigants
could sue railroad companies under federal direction, just as they had
previously been able to do and in such courts as had jurisdiction under
the general law.

2. RAILROADS ⚖⚊5½, New, vol. 6A Key-No. Series—FEDERAL CONTROL—STIP-
ULATION BY DIRECTOR GENERAL—JURISDICTION FOR SUIT.
　　It was competent for the federal Director General of Railroads to stipu-
late in what jurisdiction he might be sued, but his authority to make
rules and regulations did not authorize the setting aside of the plain pro-
visions of Act March 21, 1918 (Comp. St. 1918, §§ 3115¾a–3115¾p), as to
the railroad companies.

3. RAILROADS ⚖⚊5½, New, vol. 6A Key-No. Series—FEDERAL CONTROL—DE-
FENSE BY DIRECTOR GENERAL—PAYMENT OF RECOVERY.
　　Under section 12 of Act March 21, 1918 (Comp. St. 1918, § 3115¾l),
providing for the federal control of railroads, it is incumbent on the Di-
rector General to defend a suit against a road, and to make payment in
the event of his recovery out of his receipts; question of adjustment as be-
tween government and the railroad being for settlement when the roads
shall be returned to their owners or otherwise disposed of.

At Law. Action by Mrs. W. C. Johnson against William G. Mc-
Adoo, Director General of Railroads, and the Morgan's Louisiana &
Texas Railroad & Steamship Company. On the company's excep-
tion to the petition of no cause of action. Exception overruled, and de-
fendant company allowed time in which to file answer.

C. W. Howth, of Beaumont, Tex., and John P. Sullivan and David
Sessler, all of New Orleans, La., for plaintiff.

Denegre, Leovy & Chaffe, of New Orleans, La., for excepting de-
fendant.

FOSTER, District Judge. In this case plaintiff brought an action
for damages against the Director General of Railroads and the Mor-
gan's Louisiana & Texas Railroad & Steamship Company. An excep-
tion to the venue of the court as to the Director General was main-
tained. Thereupon the plaintiff dismissed the suit as to him. A similar
exception of the railroad company was overruled. The railroad com-
pany has now filed an exception of no cause of action to the petition.
It is contended by the exceptor that no action will lie against the rail-
road company while it is under the control of the Director General of
Railroads; that the word "carriers," in section 10 of the Act of March
21, 1918, c. 25, 40 Stat. 451 (Comp. St. 1918, §§ 3115¾a–3115¾p),
does not mean the railroad companies but refers to the federal admin-
istration.

[1] I do not agree with this contention. I think it was the purpose
of Congress in adopting the act to allow litigants to sue the railroad

⚖⚊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

companies, just as they had theretofore been able to do, and in such courts as have jurisdiction under the general law. See Postal Tel. & Cable Co. v. Call, Dist. Judge, 255 Fed. 850, —— C. C. A. ——; Jensen v. Lehigh Valley R. R., 255 Fed. 795.

[2, 3] I think it competent for the Director General to stipulate in what jurisdictions he might be sued, but his authority to make rules and regulations would not authorize the setting aside of the plain provisions of the statute as to the companies. No harm can come to the railroad corporation. It will be incumbent upon the Director General to defend the suit, and to make payment, in the event of a recovery, out of his receipts. Section 12 of the act provides that the moneys received by the Director General shall not be covered into the treasury of the United States, but shall remain in the custody of the same officers, and the accounting thereof shall be in the same manner, as before federal control. Under the orders of the Interstate Commerce Commission judgments for damages are chargeable to the operation of the roads and are payable out of the general receipts. There is no doubt that the same action will follow in the event of recovery in this case as if the roads were not under government control, and the question of an adjustment as between the government and the railroad is one that will come up and be settled when the roads are turned back to their owners, or other disposition made of them. In the meantime, should a recovery be had, no execution can issue against the physical property of the road under the plain terms of the act.

The exception will be overruled, and the defendant allowed 10 days in which to file an answer.