## DAVIS, AGENT OF THE PRESIDENT UNDER SECTION 206 OF THE TRANSPORTATION ACT, 1920, v. O'HARA.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 63. Argued October 10, 13, 1924.—Decided November 24, 1924.

1. General orders of the Director General of Railroads providing that suits against him must be brought in the county or district where the plaintiff resided at the time of accrual of the cause of action, or in the county or district where it arose, are in legal effect orders of the President and are valid. Federal Control Act, § 10, 40 Stat. 456. P. 317.

2. An action by an employee of the Director General for personal injuries sustained in the operation of a railroad under federal control is an action against the United States; and only to the extent clearly indicated by the Federal Control Act and orders of the Director General was the sovereign immunity from suit waived. *Id.*

3. Decision of a state supreme court that the Director General, by not sufficiently asserting and insisting upon it, waived immunity under the federal act and orders from being sued in the particular venue, does not bind this court on review. P. 318.

4. A special appearance for the declared purpose of objecting to jurisdiction over the subject matter, as well as to jurisdiction over defendant's person,—*construed* as confined to the latter point by the grounds set up in the motion to quash the summons. P. 318.

5. In Nebraska, objection to jurisdiction over the person, in a special appearance and motion to quash the summons for defects not apparent on the face of the complaint, is not waived by adding an unfounded objection to jurisdiction over the subject matter. P. 319.

6. A motion to quash service and a defense, based on allegations of fact which show that the action is in a wrong venue, which are consistent with the complaint and not denied by the plaintiff, should not be overruled because the defendant did not bring evidence to sustain the allegations. P. 319.

7. A defense well pleaded but not urged at a first trial may be insisted on at a second trial. P. 321.

8. A ruling of a state supreme court that its former decision of a federal question became the law of the case on a second appeal, does not affect the power of this Court to examine the question upon review of the final judgment. P. 321.

109 Neb. 615, reversed.

CERTIORARI to a judgment of the Supreme Court of Nebraska which affirmed a judgment recovered by O'Hara in an action for personal injuries brought against the Director General of Railroads. The case went twice to the court below. 108 Neb. 74; 109 *Id.* 615.

*Mr. C. A. Magaw* and *Mr. N. H. Loomis,* with whom *Mr. A. A. McLaughlin* and *Mr. Edson Rich* were on the briefs, for petitioner.

*Mr. John O. Yeiser* and *Mr. John C. Travis,* with whom *Mr. Benjamin S. Baker* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

September 13, 1919, while employed by the Director General of Railroads in the operation of a railroad under federal control, plaintiff was injured by explosion of a blasting cap. The injury occurred at Council Bluffs, Iowa, where he then resided. He brought this action in the district court of Douglas County, Nebraska, to recover damages for his injuries. His petition did not show

where the injury occurred or where he lived when injured. The Director General appeared specially for the purpose of objecting to the jurisdiction of the court " over the person of the defendant and over the subject matter of this action ", and moved to quash the summons; the grounds alleged were " that General Orders Nos. 50, 50-A, 18, 18-A and 18–B,[1] issued by the Director General . . . provide that all suits against the Director General of Railroads, as authorized by General Order No. 50-A, must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose "; that plaintiff, at the time of the accrual of the cause of action, did not reside in Douglas County, Nebraska, and that the cause of action did not arise there.   Plaintiff did not deny the allegations on which the motion was based.   The district court overruled the motion without more.   The defendant answered, setting up the same objection to jurisdiction and his defenses on the merits.   Later, plaintiff filed an amended petition; and to that defendant filed answer, in which he again asserted his objection to jurisdiction.   At the trial, after the evidence was heard, the court upon its own motion instructed the jury to return a verdict for defendant; and judgment was entered in his favor.   The plaintiff made a motion for a new trial which was denied.   He then appealed to the Supreme Court. Defendant's objection to the jurisdiction was urged by brief filed by leave of court specially given.   But the question was not decided, because defendant had not taken a cross appeal.   108 Neb. 74, 81.   The judgment of the district court was reversed on the merits.   At the new trial plaintiff testified that his injuries occurred at Council Bluffs, Iowa, and that he resided there when he was in-

[1] See Bulletin No. 4, United States Railroad Administration, p. 186 (No. 18), p. 187 (No. 18-A), p. 334 (No. 50).   Supplement to Bulletin No. 4, Revised, p. 55 (No. 18-B), p. 58 (No. 50-A).

jured.   The defendant, by appropriate objections and motions made at the time of impaneling the jury, at the close of plaintiff's evidence, and at the close of all the evidence, insisted upon its objection to the jurisdiction of the court, but all were overruled.   There was a verdict and judgment for plaintiff.   Defendant appealed to the Supreme Court.   A syllabus (by the court) contains the following: " Where the director general specially appears to object to the jurisdiction of the court over his person, and at the same time challenges the jurisdiction of the court over the subject matter of the controversy, as to which the motion is not well founded, this is a voluntary appearance equivalent to the service of summons, and gives the court jurisdiction over the person of such officer." 109 Neb. 615.   The judgment appealed from was affirmed.

Section 10 of the Federal Control Act, 40 Stat. 456, provides that " carriers while under Federal control shall be subject to all laws and liabilities as common carriers . . . except in so far as may be inconsistent with . . . any order of the President . . ."   The general orders are in legal effect orders of the President, and are valid.[2]   This is an action against the United States. The railroads were taken over and operated by it in its sovereign capacity, and it will not be held to have waived any sovereign right or privilege unless it has plainly done so.   *DuPont De Nemours & Co.* v. *Davis,* 264 U. S. 456, 462; *Director General* v. *Kastenbaum,* 263 U. S. 25, 27; *Alabama, &c. Ry. Co.* v. *Journey,* 257 U. S. 111, 114; *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554, 562, 564.   Its immunity from suit was waived only to the extent indicated by the statute and orders of the Director General.

Against his objection defendant could not be sued on plaintiff's claim in the Nebraska court.   *Alabama, &c.*

---

[2] Proclamation of the President, March 29, 1918.   (Bulletin No. 4, United States Railroad Administration, p. 20).

*Ry. Co.* v. *Journey, supra.* This Court is not bound by the decision of the state court that defendant waived his federal right under the act and the orders of the Director General, and it may determine for itself whether he sufficiently asserted and insisted upon that right. *Davis* v. *Wechsler,* 263 U. S. 22, 24; *Railroad Commission* v. *Eastern Texas R. R.,* 264 U. S. 79, 86; *Georgia Ry. Co.* v. *Decatur,* 262 U. S. 432, 438; *Creswill* v. *Knights of Pythias,* 225 U. S. 246, 261.

Defendant's special appearance and motion did not amount to an objection to the jurisdiction over the subject matter; that is, it did not raise the question whether, considering the nature of the cause of action asserted and the relief prayed by plaintiff, the court had power to adjudicate concerning the subject matter of the class of cases to which plaintiff's claim belonged. *Cooper* v. *Reynolds,* 10 Wall. 308, 316; *Reynolds* v. *Stockton,* 140 U. S. 254, 268. The stated purpose of the special appearance was broader than the grounds alleged and, in so far as it related to the subject matter, was not carried into effect. There was nothing in the moving papers to suggest that the Nebraska court had no jurisdiction to try and determine actions, founded on negligence, to recover damages for personal injuries suffered by railway employees while engaged in the performance of their work. Undoubtedly, the district court of Douglas County would have had jurisdiction if the accident happened in that county or district, or if plaintiff resided there at the time he was injured. The general orders on which defendant's motion rested did not relate to jurisdiction of the subject matter; and the Supreme Court of Nebraska so held. The substance of the objection stated and the grounds alleged should control, rather than the declaration of purpose. See *Bankers Life Insurance Co.* v. *Robbins,* 59 Neb. 170, 173; *South Omaha National Bank* v. *Farmers & Merchants Bank,* 45 Neb. 29, 32; *Perrine* v. *Knights Templar's*

*etc. Co.*, (rehearing), 71 Neb. 273, 275.   And,—even if the motion amounted to an objection to jurisdiction over subject matter,—it cannot reasonably be held that it gave the court jurisdiction.   Under the statutes and practice in Nebraska, defendant was not required to appear specially to object to jurisdiction over his person.   Where, as in this case, the defects do not appear on the face of the petition, objection to jurisdiction over the person of the defendant and over the subject matter of the action may be taken by answer setting up defenses on the merits, without or after prior objection by special appearance and motion.   § 8612, Compiled Statutes, 1922.   *Hurlburt* v. *Palmer*, 39 Neb. 158, 178, 179; *Kyd* v. *Exchange Bank of Cortland*, 56 Neb. 557, 561; *Baker* v. *Union Stock Yards Nat. Bank*, 63 Neb. 801, 803; *Templin* v. *Kimsey*, 74 Neb. 614.   And the rule that objections to jurisdiction over the person are waived by general appearance does not apply. It follows that, in such cases, there is no reason for holding that an unfounded objection to jurisdiction over the subject matter, in a special appearance and motion to quash the summons, waives objections to jurisdiction over the person.   We hold that defendant did not by his motion waive his right to immunity from suit on plaintiff's claim in the Nebraska court or voluntarily appear and give that court jurisdiction.

As additional reasons for its conclusion, the Supreme Court said that the special appearance and motion to quash the summons were properly overruled, because there was no evidence to support the motion; that no objection was made during the first trial to the jurisdiction of the court, and that no motion for rehearing was made in that court after the filing of its opinion on the first appeal, " and the former decision of the court has become the law of the case".

The facts on which the defendant's motion was based were not denied by plaintiff.   The order of the district

court states that " being fully advised in the premises, the court does overrule said special appearance   .   .   ." The order overruling the motion was made March 13, 1920, some time before the decisions of this Court which declared the validity and effect of the general orders on which plaintiff's motion was based. *Missouri Pacific R. R. Co.* v. *Ault, supra,* was decided June 1, 1921. *Alabama, &c. Ry Co.* v. *Journey, supra,* was decided November 7, 1921. There had been a number of decisions holding general orders 18 and 18A invalid.[3] The record does not show whether the district court followed these decisions, or, as suggested in the opinion of the Supreme Court, based its ruling on a lack of evidence to support the motion. There was no issue as to the facts on which defendant's motion was based, and it could not reasonably be held that he was bound to bring forward evidence to establish statements consistent with the allegations of the petition, and which had not been questioned by plaintiff. Notwithstanding its reference to the matter, the Supreme Court, as we read its decision, did not hold that defendant's failure at the first trial to insist that the district court again rule on the objection to jurisdiction operated to deprive him of the right to do so at the second trial.

---

[3] General Orders Nos. 18 and 18-A were held invalid in *Friesen* v. *Chicago, R. I. & P. Ry. Co.* (U. S, D. C. Neb., Dec. 27, 1918), 254 Fed. 875; *Haubert* v. *Baltimore & O. R. Co.* (U. S. D. C. Ohio, Sept. 3, 1919), 259 Fed. 361; *El Paso & S. W. R. R. Co.* v. *Lovick* (Feb. 11, 1920), 110 Tex. 244, affirming Tex. Civ. App. (March 6, 1919), 210 S. W. 283, and overruling *Rhodes* v. *Tatum* (Tex. Civ. App., Oct 16, 1918), 206 S. W. 114.   See *Benjamin Moore & Co.* v. *Atchison, etc. Ry. Co.* (N. Y. S. C., January, 1919), 174 N. Y. S. 60. And they were held valid in *Wainwright* v. *Pennsylvania R. Co.* (U. S. D. C. Mo., Oct. 22, 1918), 253 Fed. 459; *Cocker* v. *New York, O. & W. Ry. Co.* (U. S. D. C. N. Y., June 15, 1918), 253 Fed. 676; *Johnson* v. *McAdoo* (U. S. D. C. La., May 8, 1919), 257 Fed. 757; *Klein* v. *Director General* (N. Y. S. C., February 20, 1920), 180 N. Y. S. 618. See *Russ* v. *New York Cent. R. Co.* (N. Y. S. C., Dec. 29, 1919), 179 N. Y. S. 310.

The objection was well pleaded as a defense in accordance with the Nebraska practice. There is no reason why a defense pleaded, but not urged at an earlier trial, may not be insisted upon at a new trial. See *Moulor* v. *American Life Insurance Co.,* 111 U. S. 335, 337. The ruling that the former decision of the state court became the law of the case does not affect the power of this Court to reëxamine the question. *Messenger* v. *Anderson,* 225 U. S. 436, 444; *Grays Harbor Co.* v. *Coats-Fordney Co.,* 243 U. S. 251, 257; *Georgia Ry. Co.* v. *Decatur, supra,* 437.

It must he held that defendant plainly asserted and reasonably insisted upon his immunity from suit on plaintiff's claim in the Nebraska court under § 10 of the Federal Control Act and the orders of the Director General. His objection to the jurisdiction should have been sustained.

*Judgment reversed.*