[Crim. No. 2769. In Bank.—March 28, 1925.]

THE PEOPLE, Respondent, v. MELVILLE YAHNE, Appellant.

[1] Auto Stage and Truck Transportation Act—Federal Question—Constitutional Law.—The right to operate an autostage for the transportation of persons for compensation as a common carrier on the public highways from this state to another state (receiving or discharging no passengers at intermediate points), without first having obtained from the railroad commission of this state, as provided by the Auto Stage and Truck Transportation Act (Stats. 1917, c. 213), a certificate of public convenience and necessity, involves a question arising under the federal constitution and the laws of Congress enacted in pursuance thereof, as to which the decision of the supreme court of the United States is the ultimate authority.

[2] Id.—Use of Highways—Regulation of Interstate Commerce—Federal Constitution. — While appropriate state regulations

adopted primarily to promote safety upon the highways and conservation in their use may not be obnoxious to the commerce clause of the federal constitution where the indirect burden imposed upon interstate commerce thereby is not unreasonable, a state statute whose primary purpose is not regulation with a view to safety or to conservation of the highways, and which determines not the manner of use but the persons by whom the highways may be used, is in effect a regulation of commerce and an unconstitutional invasion by the state of a field reserved by the commerce clause of the federal constitution for federal regulation. '

[3] ID.—INTERSTATE TRANSPORTATION—INVALID REGULATION OF.—The provisions of the Auto Stage and Truck Transportation Act of this state (Stats. 1917, c. 213), which require transportation companies as therein defined to apply for and obtain from the Railroad Commission a certificate of public convenience and necessity as a condition precedent to the use of the highways of the state, are invalid as against one who is engaged solely in interstate transportation.

---

(1) 15 C. J., p. 931, n. 82, p. 934, n. 89.   (2) 12 C. J., p. 64, n. 39, 49 New.   (3) 12 C. J., p. 64, n. 45 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Reversed.

The facts are stated in the opinion of the court.

H. L: McAllister for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

Carl I. Wheat and Woodward M. Taylor for Railroad Commission.

THE COURT.—Defendant herein was accused by information of a misdemeanor in violating the provisions of section 5 of the Auto Stage and Truck Transportation Act (Stats. 1917, p. 330, c. 213). The violation charge consisted in the operation of an autostage for the transportation of persons for compensation as a common carrier on the public highways of this state and over a regular route, without first having obtained from the Railroad Commission, as provided

for by the act, a certificate declaring that public convenience and necessity required such operation. This appeal is from the judgment of conviction. Defendant was engaged in the business of transporting passengers for hire from San Francisco, California, to Portland, Oregon, but he neither received nor discharged any passengers at intermediate points. He was engaged, therefore, solely in interstate transportation. As transportation is commerce, he contends that inasmuch as he was engaged solely in interstate commerce the state of California has no jurisdiction, through its Railroad Commission, over the transportation of persons or property for compensation upon the highways of this state, when such transportation is solely of an interstate character. He asserts, therefore, that he is not required and cannot be compelled to obtain from said commission the certificate of convenience and necessity provided for in the act in question, for the reason that such requirement and compulsion would constitute the imposition of a burden upon interstate commerce such as is beyond the power of the several states under the provisions of the federal constitution and statutes.

[1] The question thus presented is one arising under the federal constitution and the laws of Congress enacted in pursuance thereof, as to which the decision of the supreme court of the United States is the ultimate authority (*Estate of Romaris,* 191 Cal. 740, 745 [218 Pac. 421]). At the time of the trial of this case in the court below and up to the time when the decision of the district court of appeal herein became final, the supreme court of the United States had rendered no decision upon the precise point involved herein, but since then that court has rendered two decisions which in our opinion are determinative of the present case (*Buck* v. *Kuykendall,* 267 U. S. 307 [69 L. Ed. 301, 45 Sup. Ct. Rep. 324, 327], and *Bush & Sons Co.* v. *Maloy et al.,* 267 U. S. 317 [69 L. Ed. 303, 45 Sup. Ct. Rep. 326, 327]). [2] Those decisions hold that while appropriate state regulations adopted primarily to promote safety upon the highways and conservation in their use may not be obnoxious to the commerce clause where the indirect burden imposed upon interstate commerce thereby is not unreasonable, nevertheless a statute whose primary purpose is not regulation with a view to safety or to conservation of the highways, and which determines not the manner of use but the persons

by whom the highways may be used, is in effect a regulation of commerce and an unconstitutional invasion by the state of a field reserved by the commerce clause for federal regulation. [3] Under these decisions we see no escape from the conclusion that the provisions of the Auto Stage and Truck Transportation Act, *supra,* which require transportation companies as therein defined to apply for and obtain from the Railroad Commission a certificate of public convenience and necessity as a condition precedent to the use of the highways of the state, are invalid as against one who is engaged solely in interstate transportation.

The judgment is reversed.