IRON CITY PRODUCE CO. *v.* AMERICAN RY. EXPRESS CO.
THE ALBERT M. TRAVIS CO. *v.* AMERICAN RY.
EXPRESS CO.

*Venue—Appearance not entered by motion to quash service, when—Constitutionality of statute and jurisdiction of action challenged by motion—Foreign express companies not within venue statute—Section 11273, General Code (109 O. L., 81)—Express companies are "carriers engaged in interstate commerce," when—Article I, Section 8, U. S. Constitution—Service upon foreign corporation's managing agent in Ohio—Section 11290, General Code, unconstitutional, when—Nonresident sues foreign corporation on action arising outside Ohio—Statutory meaning not extended by judicial interpretation—Decisions of Federal Supreme Court control state courts, when.*

1. Court may consider motions to quash service on foreign express company's representative within state, made on ground that court did not have jurisdiction of cause of action, and that Section 11290, General Code, under which service was had violates commerce and due process clauses of U. S. Constitution, Article I, Section 8, subd. 3, Fourteenth Amendment, U. S. Constitution, Section 1, and Ohio Constitution, Article I, Sections 1, 19, as amended, and requiring interpretation of Section 11273, General Code, as against plaintiff's contention that defendant, by moving, appeared and gave court jurisdiction.
2. Court cannot by judicial interpretation extend plain meaning of statutes.

3. Since foreign express companies are not named in Section 11273, General Code, as amended by Act April 25, 1921 (109 Ohio Laws, 81), relating to venue, they are not within immunities thereof.
4. Decisions of Federal Supreme Court respecting federal constitutional questions are controlling on state courts.
5. Express companies are "carriers engaged in interstate commerce," within commerce clause of U. S. Constitution, Article I, Section 8, subd. 3.
6. Section 11290, General Code, authorizing service of process on foreign corporation's managing agent within state, in so far as it permits suits by nonresidents against foreign carriers on cause of action arising outside state, is repugnant to interstate commerce clause of U. S. Constitution, Article I, Section 8, subd. 3.

(Decided May 3, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hightower, O'Brien & Porter,* for plaintiffs in error.

*Messrs. Maxwell & Ramsey* and *Mr. Frank Graydon,* for defendant in error.

HAMILTON, J. These two cases involve the same questions of law and fact, and will be considered together.

In the case of *Iron City Produce Company* v. *Express Company,* a consignment of berries was delivered to the defendant at Atlanta, N. Y., consigned to the plaintiffs at Pittsburgh, and damages are claimed for deterioration on arrival.

In the case of *Travis Company* v. *Express Company,* berries were delivered to the defendant at Waterford, Ontario, Canada, consigned to the plaintiff at Pittsburgh, and damages are claimed on account of deterioration on arrival.

The suits were filed in the court of common pleas of Hamilton county, and it is sought to make service on the defendant company by personal service on a representative of the express company in Hamilton county.

The defendant express company filed motions in both cases to quash service, and these motions were sustained by the trial judge. A reversal of these judgments, quashing the service, is sought here.

In the *Iron City Produce Company case,* defendant filed the following motion, supported by affidavit:

"Motion to Quash Service and Set Aside the Return Thereon.

"Now comes the defendant and without entering an appearance herein and appearing for the purpose of this motion only moves the court to set aside the pretended service of summons heretofore pretended to be made on it and to quash the return of the sheriff thereon for the following reasons:

"(1) That Section 11290 of the Ohio General Code, under which the pretended service aforesaid was made, is void and is in contravention of and repugnant to Article I, Section 8, subd. 3, of the Constitution of the United States, commonly known as the interstate commerce clause, and is in contravention of and repugnant to Article XIV, par. 1, amendments of the Constitution of the United States, commonly known as due process of law clause, and is in contravention of and repugnant to Article I, Sections 1 and 19, of the Ohio Constitution as amended.

"(2) That by the provisions of Section 11273,

General Code, as amended in 109 Ohio Laws, 81, this action cannot be maintained in the courts of Ohio.''

In the *Travis case,* the motion challenges the jurisdiction of the court over the cause of action.

It is contended by plaintiff in error that by this motion the defendant express company entered its appearance, and cannot therefore be heard to object to jurisdiction over the person. There is authority to sustain the plaintiff in error on this proposition, but it would seem that since the question here is the right of the plaintiffs to maintain their actions in the courts of Ohio this contention would be merely technical.

In the case of *Loftus* v. *Pennsylvania Rd. Co.,* 107 Ohio St., 352, 140 N. E., 94, this question was raised, considered, and decided on motion to quash service of summons on the ground that under the provision of Section 11273, General Code, the action could not be maintained in the courts of Ohio. As in that case, the motion here raises the constitutionality of Section 11290, and calls for an interpretation of Section 11273, General Code. The form of the motion will therefore not prevent a consideration of these questions as raised in these cases by the motions.

The second ground of the motion brings into consideration whether or not the express company is within the immunities provided by Section 11273, as amended 109 Ohio Laws, 81. It will be noted that express companies are not included in this section, as amended. The section is limited to railroad companies, interurban railroad companies, street railroad companies, and electric traction rail-

roads. This being a venue section, it must be strictly construed. While some courts have, by judicial construction, limited and extended the plain reading of statutes, this court is committed to the proposition that it will not legislate. Since express companies are not named in the statute, we hold they are not within the immunities provided therein. The right to make the service, as attempted to be made here, if authorized, must be found in Section 11290, General Code. That section reads:

"When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

It is claimed that this section is void as contravening, and repugnant to, the interstate commerce clause of the Constitution of the United States, and contravenes Section 1, Article XIV, known as the due process of law clause. This point involving a United States constitutional question, the decisions of the Supreme Court of the United States relating thereto are controlling.

The question here was considered by the Supreme Court of the United States in the case of *Davis, Agent,* v. *Farmers' Co-operative Equity Co.,* 262 U. S., 312, 43 S. Ct., 556, 67 L. Ed., 996. In that case the constitutionality of a statute of Minnesota was under consideration. The statute (Gen. St. Minn., 1913, Section 7735) was as follows:

"Any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent."

In the above case, under consideration by the Supreme Court, the suit was brought by a Kansas corporation against the Director General of Railroads, as agent, the transportation company being the Atchison, Topeka & Santa Fe Railway Company, a Kansas corporation, engaged in interstate transportation, which company did not own or operate any railroad in Minnesota, but maintained an agent there for the solicitation of traffic. In that case the defendant appeared specially, and claimed that the statute, authorizing service, violated the due process and equal protection clauses of the Fourteenth Amendment, as well as the commerce clause, and moved to dismiss for want of jurisdiction. The motion was denied by the trial court. The Supreme Court held in the second paragraph of the syllabus of the reported case as follows:

"A state statute which provides that any foreign corporation having an agent in the state for the solicitation of freight and passenger traffic over lines outside the state may be served with summons by delivering a copy thereof to such agent imposes an unreasonable burden on interstate commerce and is void under the commerce clause, as applied to an action brought against a railroad company which neither owns nor operates a railroad within the state, by a plaintiff who does not and did not reside there, upon a cause of action which arose elsewhere out of a transaction entered into elsewhere."

In the instant cases, the petitions show on their face, and it is so stated in the affidavits in support of the motions, that the express company does not reside in the state of Ohio; that the plaintiffs do

not, and did not, reside in the state of Ohio; that the causes of action arose elsewhere out of transportation entered into elsewhere than in the state of Ohio; and that the shipment was not to or through any point in Ohio. While it is true that the *Davis case* had to do with railroads, the force of the decision applies in the instant cases, as the express companies are carriers engaged in interstate commerce. *United States Express Co.* v. *Backman,* 28 Ohio St., 144.

The reasoning in the *Davis case* is particularly applicable to the cases under consideration. The opinion was written by Justice Brandeis, and goes fully into the question of interstate transportation and interstate commerce. In the course of the opinion, at page 315, 43 S. Ct., 557, Judge Brandeis says:

"That the claims against interstate carriers for personal injuries and for loss and damage of freight are numerous; that the amounts demanded are large; that in many cases carriers deem it imperative, or advisable, to leave the determination of their liability to the courts; that litigation in states and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers; these are matters of common knowledge. Facts, of which we also take judicial notice, indicate that the burden upon interstate carriers imposed specifically by the statute here assailed is a heavy one, and that the resulting obstruction to commerce must be serious."

At page 316, 43 S. Ct., 558, the judge further says: "It may be that a statute like that here assailed would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the state, or if the plaintiff was, when it arose, a resident of the state. These questions are not before us, and we express no opinion upon them. But orderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a state in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside. * * * With these ends the Minnesota statute, as here applied, unduly interferes. By requiring from interstate carriers general submission to suit, it unreasonably obstructs, and unduly burdens, interstate commerce."

Thus we have, in the instant cases, suits brought in Ohio by a resident of Pennsylvania against a foreign carrier, where the cause of action arose elsewhere than in the state of Ohio. To hold that these actions may be maintained, and the service thereon may be made under favor of Section 11290, General Code, would be to come in direct conflict with the decision in the *Davis case*. We will therefore follow the decision in that case, and hold that, in these cases, Section 11290 is repugnant to the interstate commerce clause of the Constitution of the United States, and that the court did not err in quashing the service.

We do not pass upon the question of the effect

of Section 1, Article XIV, of the United States Constitution.

Also see the cases of *Atchison, Topeka & Santa Fe Ry. Co.* v. *Wells*, 265 U. S., 101, 44 S. Ct., 469, 68 L. Ed., 928; and *Davis, Agent,* v. *O'Hara*, 266 U. S., 314, 45 S. Ct., 104, 69 L. Ed., 303.

It is argued by counsel for plaintiff in error in the brief that the question raised by the motion has been determined adversely to the defendant in error's claim by this court in the case of *Price & Co.* v. *Davis, Agent, post,* 388, in which case the Supreme Court refused an application to require the Court of Appeals to certify its record. However, the same question was not presented in the *Price case,* as Price & Co. were residents of Cincinnati, Ohio, and the goods were consigned to Cincinnati. Moreover, the case was heard prior to the decision in the case of *Davis* v. *Farmers' Co-operative Company, supra.*

The judgment of the Court of Common Pleas will be affirmed in both cases.

*Judgments affirmed.*

BUCHWALTER, P. J., and CUSHING, J., concur.