GREAT LAKES STAGES, INC., *v.* LAING.

(Decided May 12, 1930.)

*Messrs. McConnell, Blackmore & Cory,* for plaintiff in error.

*Mr. John H. McNeal,* for defendant in error.

SULLIVAN, J. This cause is here on error proceed-

ings to the common pleas court of Cuyahoga county, and the question to be decided is whether the court of common pleas committed error in overruling a motion made by defendant below, the Great Lakes Stages, Inc., to quash the service of summons. This motion was supported by an affidavit, which among other things contained the allegation that defendant was an Ohio corporation with offices located in the Terminal Tower building, Cleveland, Cuyahoga county, Ohio. This allegation is in line with the allegations of the petition filed by plaintiff below, Walter Laing, asserting that defendant is a corporation organized and existing under the laws of the state of Ohio, with its residence and principal place of business in the city of Cleveland, aforesaid. There was a further allegation in the petition that the defendant company operated automobile bus lines between Cleveland and Mentor, Ohio, and elsewhere, and this allegation is supplemented by one that there was a large number of automobile busses thus employed.

It appears that the accident happened in Lake county, Ohio, while plaintiff was a passenger in an automobile traveling in a westerly direction on Mentor avenue, Lake county; that, when the driver of the automobile was turning to the left, traveling in a southerly direction, and crossing Mentor avenue, and had driven into a certain driveway leading from the south side of Mentor avenue into a certain private estate, known as stop 53, and at a time when said automobile was off said avenue and on private property, the Great Lakes Stages, Inc., negligently operated its automobile bus so that it swerved and

ran off the pavement on Mentor avenue, while traveling west.

There are other allegations relating to the accident concerning further particulars which it is unnecessary to mention, but suffice it to say that there was a collision resulting in injuries of a permanent nature, as alleged in the petition of plaintiff.

Exceptions were taken to the overruling of the motion to quash, and the cause is here on error, and it is conceded by plaintiff in error, Great Lakes Stages, Inc., that the error proceeding is a proper course to pursue, so that the question is tried on the concession that error proceedings lie to this court.

The return of the service of summons by the sheriff shows service on the secretary of defendant below. Plaintiff contends that the service was proper, and that therefore the ruling of the court was right, because of the provision of Section 11272, General Code, which reads as follows:

"An action other than one of those mentioned in the next four preceding sections, against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees or other chief officer."

It will be observed that there are four preceding sections of the Code, but they have no application or reference to the case at bar, and therefore the

section noted is of primary importance. An examination of it shows that an Ohio corporation may be sued in the county where the corporation is located, or where it has its principal office or place of business, and both the allegations of the petition and the assertions in the affidavit place this section beyond issue.

The defendant below, in an affidavit to support the motion to quash, alleges that it operates and owns automobile busses for the purpose of carrying passengers for hire, and consequently it claims that the immunities of Section 11273, General Code, apply to the present situation.

It will be observed from a reading of Section 11273 that bus companies are not designated in Section 11273, and therefore it is urged by counsel for plaintiff that this statute does not apply because bus companies are not immune.

It is unnecessary to argue that it is only the Legislature that has the power to insert and designate the character of companies immune from the operation of this section. The court cannot assume the role of a substitute for the Legislature. It will be observed that express companies are not within the immunities of this section, as affirmed in *Iron City Produce Co.* v. *American Ry. Express Co.*, 22 Ohio App., 165, 153 N. E., 316, in the second and third paragraphs of the syllabus of the case. This section is limited to interurban railroad companies, street railway companies, and electric traction railroad companies. Thus it will be seen that express companies are not designated by the Legislature, and this being so, their immunity cannot be considered by virtue of the authority of this section of the

Code. The courts have no power to extend and enlarge the legislative act. They have no power to repeal, and consequently Section 11272, General Code, noted as authority for the action at bar, is in full force and effect.

The case at bar does not raise the question of two inconsistent statutes, and therefore the doctrine of reconciling them has no application. From the language of the statute itself the case at bar cannot be included under the reasoning in the case of *Heirs of Ludlow* v. *Johnston,* 3 Ohio, 553, 17 Am. Dec., 609, because, from the very fact that the Legislature omits bus companies, the logical conclusion is that it intended so to do, and the only basis for considering the question of reconciliation of statutes would be the ambiguity of the language, but in the instant case there is no such situation. This reasoning and interpretation of the statute appears to lead to the conclusion that the *Iron City Produce Company case, supra,* governs the case at bar as to the question raised on error.

In this state the syllabus in the decision of the Supreme Court is controlling, providing it is understood that it has application to the facts of the case itself. *Baltimore & Ohio Rd. Co.* v. *Baillie,* 112 Ohio St., 567, 148 N. E., 233, second paragraph of syllabus.

The case of *Loftus* v. *Pennsylvania Rd. Co.,* 107 Ohio St., 352, 140 N. E., 94, has no application, because the syllabus applies to cases of nonresidence in Ohio, and, consequently, the residence of the plaintiff in the *Baltimore & Ohio case, supra,* being in Pennsylvania, the use of this case has no force.

In the *Iron City Produce Company case, supra,*

it is clear from a reading that Section 11272, General Code, is controlling.

Recurring again to the *Loftus case, supra,* it may be said that it is clearly foreign in application to the instant case, for the reason that the plaintiff, the accident, and the defendant relate to Pennsylvania. In other words, the plaintiff and defendant were residents of that state, and the accident itself occurred therein.

The defendant herein does not operate a line of mail stages or coaches, or a railroad company, interurban railroad company, suburban railroad company, or a street railway company. These companies, by Section 11273, General Code, are immune, and no other company can be added without legislative enactment, especially bus companies, even though they might in a sense be called stages, but, in order to be stages, there must be an ownership or a lesseeship in mail stages, and here there is no contention that the bus company, as outlined in the allegations of the petition, operated mail routes.

The companies that are immune under Section 11273 are not the companies named in the allegations of the petition, and consequently have no place in the scheme of the case at bar.

Again, bearing upon the question of the motion to quash, and keeping in mind the distinct allegations of the petition which refer to automobile busses, we think that Section 6308 is a bar to a quashing of the action upon motion for defective service, as a reading of said section will show. This section refers to jurisdiction in injuries to persons or property by motor vehicles, and provides that actions for injury to person or property on account

of the negligence of an owner or operator of a motor vehicle may be brought against the owner or operator in the county where the injury took place. The summons is issued to the sheriff of any county in the state where defendant may reside, and it shall be served as in civil actions, notwithstanding any statute relating to service of summons in civil actions.

A reading of Section 11277, General Code, shows that every other action must be brought in the county where defendant resides, or may be summoned, except actions against a representative, and in that case the action may be brought in the county where he was appointed or resides, and summons may issue to such county.

In the consideration of the motion to quash and the assignment of error, it is necessary to adhere to the allegations of the petition, and in so doing, after an examination of 22 Ohio Appellate, *supra,* we have come to the conclusion that the court below is correct, and that therefore the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.