Robinson, J.
 

 The parties will be referred to in the position they occupied in the trial court. The plaintiff, Walter Laing, filed a petition in the court of common pleas of Cuyahoga county, alleging that he was a resident of Lake county, Ohio; that he sustained an injury in Lake county through the carelessness and negligence of one of the drivers of the defendant, the Great Lakes Stages, Inc., in the operation of one of its busses; that the Great Lakes Stages, Inc., is an Ohio corporation, with its office in the Terminal Tower Building in Cleveland, Cuyahoga county, Ohio, and a common carrier of passengers for hire, owning and operating a system of motorbusses through and into Lake county.
 

 
 *380
 
 Service was had in Cuyahoga county on R. H. Frese, the duly authorized secretary of the defendant corporation.
 

 To this action the defendant filed a motion to quash service of summons. The motion was overruled by the court of common pleas and error was prosecuted to the Court of Appeals, where the judgment of the court of common pleas, overruling the motion to quash service, was affirmed. 38 Ohio App., 34, 174 N. E., 784. By agreement of the parties, the question whether the overruling of the motion was a final order was not made in the Court of Appeals and is not made here.
 

 The sole question made is whether the proviso of Section 11273, General Code, operates to deprive the plaintiff of the right conferred by Section 11272, General Code, to bring his action against a corporation in the county in which such corporation is situated or has its principal office or place of business.
 

 Section 11273, General Code, reads: “An action against the owner or lessee of a line of mail stages or other coaches, a railroad company, interurban railroad company, suburban railroad company or street railroad company owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may be brought in any county through or into which such line, railroad, interurban railroad, street railroad or electric traction railroad, passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in
 
 *381
 
 which, the cause of action or some part thereof, arose, or in the. county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided. ’ ’
 

 Defendant contends that its operation of a bus line or a motor transportation company brings it within the classification and designation of “owner or lessee of a line of mail stages or other coaches,” and/or “a transportation company,” of the section above quoted.
 

 That section with reference to the owner or lessee of a line of mail stages or other coaches, stripped of all verbiage not applicable to a line of mail stages or other coaches, and stripped of all verbiage not applicable to a transportation company, as we interpret it, reads:
 

 “An action against the owner or lessee of a line of mail stages or other coaches, * * * owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may be brought in any county through or into which such line * * * passes or extends; provided that all actions against
 
 such
 
 owner, lessee
 
 *382
 
 or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property, or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. ’ ’
 

 Because the plaintiff in error does not own or operate a railroad, interurban railroad, or street railroad within the state, and does not own„or operate an electric traction road located upon either bank of a canal belonging to the state, it is not by the proviso of Section 11273 excluded from the class of corporations which by virtue of the provisions of Section 11272, General Code, may be sued in the counties where their respective principal places of business are located.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.