No. 19,455.

FRANK B. MORRISON *v*. DISTRICT COURT OF THE CITY AND COUNTY OF DENVER AND JOSEPH E. COOK, JUDGE.
(355 P. [2d] 660)

Decided August 2, 1960.   Rehearing denied August 22, 1960.

Mr. PAUL SNYDER, for petitioner.

Mr. MYRON H. BURNETT, for respondents.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THIS is an original proceeding, wherein Frank B. Morrison, herein referred to as Complainant, among other things seeks to prohibit the trial court "from requiring Complainant to plead further in a certain cause pending in the Denver District Court wherein Complainant and David Jon Morrison are defendants and Irene Leib and Carl Leib are plaintiffs."

The District Court case is predicated on an automobile accident which occurred in Colorado in October 1959, in which the Leibs claim to have suffered injuries as a result of the negligence of David Jon Morrison in driving an automobile registered and licensed in Nebraska in the name of Complainant.

The complaint alleged that said automobile was a "family car" purchased by Complainant for "the use of a member or members of his family," and that it was so being operated at the time of the accident by David Jon Morrison, son of Complainant. It is admitted that Frank B. Morrison and his son are non-residents of Colorado. Service of summons was made under C.R.S. '53, 13-8-1, et seq. Following receipt of the summons Complainant filed a motion to quash the service upon him alleging that he is a non-resident of Colorado; was not in the state of Colorado on the date of the accident; that the Secretary of State of Colorado "is not a lawful agent for service of summons on the deft."; that the automobile was not a family car. In support of the motion to quash complainant filed his affidavit in which was set forth that he is a non-resident of Colorado and was not present in this state on the date of the accident and that David Jon Morrison "at no time mentioned in plaintiff's petition [complaint] was the agent, servant or employee of the defendant, Frank B. Morrison; that the automobile

mentioned in plaintiff's petition [complaint] was not a family automobile, and that any interest of the defendant, Frank B. Morrison therein was purely of a security nature."

The trial court overruled the motion to quash the service on complainant, who thereupon brought this original proceeding.

It is quite apparent that complainant's affidavit made no showing that he was not the owner of the automobile driven by David Jon Morrison, nor did it deny that David Jon Morrison was a member of complainant's family, or that the latter was not using the car for the uses and purposes for which it was allegedly purchased, to-wit as a family automobile. Neither did he deny that he was the head of a family of which David Jon Morrison was a member.

As the basis of its ruling in this case the trial court had before it the original complaint, the summons and return of service thereof and the Notice of Service given by counsel for plaintiffs in the original action, together with the affidavit of said counsel pursuant to C.R.S. '53, 13-8-1, et seq. The affidavit filed by complainant avers conclusions of law, viz: that David Jon Morrison was not acting as agent for Frank R. Morrison and that the automobile was not a family car.

In *Carlson v. District Court,* 116 Colo. 330, 180 P. (2d) 525 this court said:

"In the instant case, *according to the record,* there was neither conflicting evidence nor disputed facts. *As we have shown, affiant, in the so-called affidavit which was filed in the District Court on December 13, 1946,* states: *'That the defendant (Carlson) is a non-resident, as will more fully appear from paragraph 1 of the Complaint.'* By *reference to said paragraph 1* we find that plaintiff was driving an automobile bearing an Illinois license. * * * according to the ordinary and usual meaning of the language used by defendant, we cannot escape the conclusion that the *allegations of the complaint and the*

*statements in the so-called affidavit* are wholly insufficient to establish that on December 4, 1944, plaintiff here was a non-resident. *Counter to the showing in the record made by Fodor in the District Court, we have the definite, positive and unequivocal* sworn statements of Wormwood and Carlson, as well as the letterhead of the church, to establish that on December 4, 1944, * * * Carlson was the resident pastor of a church in Leadville, Colorado."

Here, unlike the Carlson case, we do not have "the definite, positive and unequivocal sworn statement" of Frank B. Morrison to establish the facts. His affidavit is plainly an attempt to equivocate. The rule laid down in the Carlson case is the general rule. See *Findlay v. Florida Ry. Co.* 3 Fed. Supp. 393; *Fuller v. Lindenbaum,* 29 Cal. App. (2d) 227, 84 P. (2d) 155 and *Great Lakes Stages v. Laing,* 38 Oh. App. 34, 174 N.E. 784.

Based upon the record in the district court, complainant was subject to service of process under the provisions of C.R.S. '53, 13-8-1, 2, 3. Under C.R.S. '53, 13-8-2 David Jon Morrison was an agent of complainant. (See Session Laws 1957, p. 197.)

Commencing with *Hutchins v. Haffner,* 63 Colo. 365, 167 Pac. 966 and *Boyd v. Close,* 82 Colo. 150, 257 Pac. 1079 we have held that a member of a family driving a family car is an agent of the owner of the automobile. The same rule applies in the state of Nebraska, as is held in *Piechota v. Rapp,* 27 N.W. (2d) 682.

In *Fuller v. Lindenbaum,* supra, the court held that where conclusions of law set forth in the complaint were controverted by facts *clearly* set forth by the affidavits, the trial court was correct in adopting facts rather than be bound by the conclusions of law. We quote from this case:

"From the foregoing resume, it is readily apparent, that the allegations of the first amended complaint connecting the respondent corporation with the use or control of said automobile are merely conclusions of law

stated by appellant, and that they are directly controverted by the allegations of the two affidavits presented in support of the motion to quash. It was held in *Jameson v. Simonds Saw Co.*, 2 Cal. App. 582, 84 P. 289 that where a motion to quash service of summons is made upon affidavits, and the allegations of the complaint conflict with the affidavits, an issue is thereby created, and the burden of sustaining the allegations of the complaint is cast upon the plaintiff; and that where the matters set forth in the affidavits filed by defendant are closely established, a judgment entered by default following a denial of the motion to quash must be reversed. It is apparent therefore that the trial court can 'decide the issue of agency upon affidavits presented on a motion to quash service of summons.' "

In the Denver district court action, if it was not true that David Jon Morrison was and is the minor son of Frank B. Morrison, and was and is living in the same household with his father, and that Frank B. Morrison purchased the car for the use of his minor son and other members of the family, and held the title as security of his right to control the use and operation of the car, then it would have been a simple matter for Frank B. Morrison to have set forth the true facts in his affidavit. Instead he resorted to vague conclusions of law that the car was not a "family car" and the only interest he had in it "was purely of a security nature."

The facts in the record before the district court show that David Jon Morrison was the agent of Frank B. Morrison under the family car doctrine in the operation of the car at the time of the accident. For this reason, the Rule must be discharged.

If in the trial of the case it appears that the automobile was not a family car operated by a member of Frank B. Morrison's family pursuant to the purpose for which it was purchased by complainant, of necessity Frank B. Morrison would not be held liable. The record

before the experienced trial judge amply justified his holding.

The Rule is discharged.

MR. JUSTICE HALL not participating.