## O'BRIEN v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

(District Court, S. D. Alabama. August 16, 1923.)

1. **Corporations** ⊚⇒662—Suit not maintainable against foreign corporation on cause of action arising elsewhere, in absence of statute and acceptance.

Suit is not maintainable against foreign corporation on cause of action arising outside the state, in absence of statute providing for such suit and acceptance of such provision by the corporation.

2. **Corporations** ⊚⇒636—State may impose conditions on right of foreign corporations to do business.

A state may impose such conditions on right of nonresident corporation to do business therein as it may see fit, so long as they do not conflict with the United States Constitution, and, on acceptance of such conditions, the corporation is bound thereby.

3. **Commerce** ⊚⇒80—Constitutional law ⊚⇒249, 305—Corporations ⊚⇒641—Statute authorizing suits against foreign corporations on causes arising elsewhere held constitutional.

Acts Ala. Sp. Sess. 1907, p. 67, authorizing action in any county in which jurisdiction of defendant can legally be obtained, on cause of action arising in another state, does not, as applied to action against foreign corporation for breach of contract made and to be performed in Georgia for erection of a building, and wholly disconnected with its interstate business, violate the commerce clause, or the due process or equal protection clauses, of the United States Constitution.

At Law. Action by Albert D. O'Brien against the Southern Bell Telephone & Telegraph Company. On demurrer to plea in abatement. Demurrer sustained.

Smiths, Young, Leigh & Johnston, of Mobile, Ala., for plaintiff.

Rich & Hamilton, of Mobile, Ala., for defendant.

ERVIN, District Judge. This was an action brought in the state circuit court of Mobile county seeking to recover damages for an alleged breach by defendant of a contract entered into in Atlanta, Ga., whereby plaintiff agreed to erect for defendant a building on a lot there owned by defendant. The suit was removed by defendant to this court.

Defendant pleads in abatement that the state court had no jurisdiction of the suit, because defendant is a New York corporation, and plaintiff a resident citizen of Louisiana, and the cause of action arose in Georgia, as the contract was both made and to be performed in Georgia, and the alleged breach occurred there. It claims violation of the commerce clause, the due process clause, and the equal protection clause of the federal Constitution.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The question depends on the construction of the Constitution and a statute of Alabama. Section 232 of the Alabama Constitution of 1901 reads as follows:

"No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

It will be noticed that the Constitution is silent as to whether suit can be brought on a cause of action originating elsewhere. Under the ruling in Mitchell F. Co. v. Selden B. Con. Co., 257 U. S. 213, 42 Sup. Ct. 84, 66 L. Ed. 201, this would not authorize a suit in Alabama on a cause of action on business transacted elsewhere. There is, however, an Alabama statute found in Acts Sp. Sess. 1907, p. 67, reading as follows:

"That whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforceable in the courts of this state, in any county in which jurisdiction of the defendant can legally be obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

The Constitution says:

"Such corporation may be sued in any county where it does business, by service or process upon an agent anywhere in the state."

Until the passage of the statute of 1907 this no doubt meant on a cause of action arising on business done in the county of suit. The statute of 1907 says:

"Such cause of action shall be enforceable in the courts of this state, in any county in which jurisdiction of the defendant can legally be obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

The plea shows that defendant had complied with the Alabama law as to doing business in this state, and was at the time of suit doing business in Mobile, Alabama, and had appointed an agent on whom service could be had, but that service was had not on such agent, but on the local district manager of defendant in Mobile. There can be no question that, had the cause of action arisen out of business done in Mobile county, the service would have been sufficient.

[1] The general rule is well recognized that, in the absence of a statute of Alabama providing for such suit, and the acceptance of such statutory provision by defendant, the action could not be maintained.

[2] It is also well recognized that a state may impose such conditions upon the right of a nonresident corporation to do business therein as it may see fit, so long as they do not conflict with the United States constitutional provisions, and that upon acceptance of such conditions the nonresident corporation is bound by the imposed conditions.

[3] It is contended that Davis v. Farmers' Co-operative Equity Co., 43 Sup. Ct. 556, 67 L. Ed. ——, decided by the United States Supreme

Court May 21, 1923, is decisive to the point that the Alabama statute violates the commerce clause of the Constitution. The statute of Minnesota before the court in that case reads as follows:

"Any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent." Gen. St. Minn. 1913, § 7735.

This statute applies only to foreign passenger or freight carrying corporations having a soliciting agent in the state, and not to nonresident corporations generally. In other words, it applies only to corporations doing an interstate business. Construing this statute, the court says:

"Solicitation of traffic by railroads, in states remote from their lines, is a recognized part of the business of interstate transportation. * * * As construed by the highest court in Minnesota, this statute compels every foreign interstate carrier to submit to suit there as a condition of maintaining a soliciting agent within the state. * * * This condition imposes upon interstate commerce a serious and unreasonable burden, which renders the statute obnoxious to the commerce clause."

It then proceeds to enumerate some of the burdens which caused the making of a general order as to the venue of suits by the federal Director General of Railroads. It is manifest the court was considering only those causes of action that arose out of the doing of interstate business.

We all know that corporations whose ordinary business is wholly interstate may become liable to suit on a private transaction wholly disconnected with its interstate business. Take the instant case: It may contract for the erection of a building in which to do business, or purchase furnishings or material, or fuel for local consumption. A suit on such a cause of action would not be held as imposing a burden on interstate commerce, even though it should necessitate carrying witnesses, books, etc., which are needed in such interstate business, to some other place or state, to be used in defense of such suit. It is not a suit against a corporation doing an interstate business, but a suit against such a corporation on an interstate transaction, that imposes a burden on interstate commerce.

If the cause of action sued on were one arising out of an interstate transaction, I think the plea would be good; but, as it is not, I think the demurrer should be sustained, as I cannot see any ground for the application of the other clauses of the Constitution set up.