## MAVERICK MILLS v. DAVIS, Director General.

(District Court, D. Massachusetts. November 23, 1923.)

### No. 2010.

1. **Corporations ⬗662—Maintaining soliciting agent in state does not subject foreign corporation to suit there respecting transactions outside the state.**

   As to nonresidents of the state, and transactions originating and to be completed elsewhere, a mere soliciting agency does not, at common law, bring a foreign corporation within the state, so as to make it subject to suit there, and cannot be made to do so by any form of state statute.

2. **Commerce ⬗12—State may make reasonable regulations affecting interstate carriers.**

   A state may regulate and condition in a reasonable way the right of interstate carriers to do business within its borders.

3. **Corporations ⬗662—State may subject foreign corporations to suit in cases affecting its own citizens.**

   To some extent, at least, a state must have power to say what shall constitute corporate presence within the state, and subject a corporation to suit there in cases affecting its own citizens.

4. **Railroads ⬗33(2)—Foreign railroad company held subject to suit in Massachusetts arising out of shipment to citizen of that state.**

   Under G. L. Mass. c. 223, § 38, providing that in an action against a foreign corporation which, with or without a usual place of business in the commonwealth, is engaged in or solicits business there, service may be made on the agent in charge of the business, a foreign railroad company, doing an interstate business, though operating no line of road in the state, which maintains an office therein in its own name, in charge of an agent for soliciting business, *held* subject to a suit in the state arising out of a shipment to a point within the state to a citizen thereof.

At law. Action by the Maverick Mills against James C. Davis, Director General of Railroads, as Agent of the Seaboard Air Line Railway Company. On plea in abatement, and motion to dismiss. Plea overruled, and motion denied.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for plaintiff.

Hurlburt, Jones & Hall and Albert W. Rockwood, all of Boston, Mass., specially, for defendant.

MORTON, District Judge. The defendant has filed a plea in abatement and a motion to dismiss. The plea tenders an issue of fact whether the defendant was so present and doing business within the state of Massachusetts as to be subject to suit here. It was heard in open court on oral and documentary evidence. The facts are as follows:

The defendant is a Virginia corporation. It does not own and it never has owned nor operated any railroad within this state. It maintains an office in Boston in the Old South Building, of which one Cooke was in charge. On the door or window of the office is

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the sign: "Seaboard Air Line Railway Company. Freight Agency." Cooke's name appears on time-tables and schedules put out by the defendant as "New England Freight Agent" at the address stated. He was supplied with stationery headed with the defendant's name, on which his own name appeared as "New England Freight Agent." He testified—and he was not contradicted—that he made no contracts, issued no bills of lading, had no money of the defendant's on deposit, and settled no claims for it; that he had no company bank accounts; that checks to pay the help were sent to him from the Company's office in Virginia; that he received no money for the defendant, and paid out none; that he and the men under him actively solicited freight to be shipped over the defendant's line, but that the bills of lading were issued only by the initial carrier in Boston. The facts are as stated by him.

The claim in question, as appears by the declaration and writ, arises out of a shipment of cotton from Hartsville, S. C., to Revere, Mass., and is for damage to the merchandise while in transit. The suit was brought by a writ in the state court, and was removed into this court by the defendant.

The laws of Massachusetts provide that, in an action against a foreign corporation, which, with or without a usual place of business in the commonwealth, is engaged in or solicits business here, service of process may be made upon the agent in charge of the business. St. 1913, c. 257, now G. L. c. 223, § 38. It is not disputed that the defendant was soliciting business in Massachusetts.

Aside from the facts that the plaintiff is a citizen of Massachusetts, with its principal place of business here, and that the freight in question was destined to a point in this state, the present case would fall within Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 Sup. Ct. 556, 67 L. Ed. 996. In that case a Minnesota statute, which attempted to assert the general and unlimited jurisdiction of that state over all interstate carriers who solicited business within it, was held unconstitutional as an unreasonable interference with interstate commerce. But there the plaintiff was a resident of Kansas; neither the parties nor the business were in any way connected with Minnesota, or with the defendant's soliciting agency located there. The question whether a different result would have been reached, if the plaintiff had been a resident of the state, was explicitly left open.

[1] How far a foreign corporation renders itself subject to suit in a state by transacting there business of a greater or less amount is a subject which has been considered in many cases. The decisions, as has been said, shade into one another, and are perhaps not always consistent. It is unnecessary, in view of Davis v. Farmers' Co-operative Co., supra, to go into an elaborate discussion of them. Green v. C., B. & Q. R. R. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, may be regarded as typical of one side, and St. Louis Southwestern Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, of the other. As to nonresidents of the state, and transactions originating and to be completed elsewhere, it is settled that a mere soliciting agency does not at common law bring

the corporation within the state, so as to make it subject to suit there, and cannot be made to do so by any form of state statute.

[2-4] The question here is whether the facts that the shipment was destined to this state and to a person resident here, by whom the present action is brought, differentiate it from the Davis Case and require a different conclusion. Aside from the act of 1913, what the defendant did would not, I think, bring it within the state, so as to be subject to suit here. The defendant is within the terms of that act, and the decisive point is whether the act is valid as applied to this case. Unquestionably a state may regulate and condition in a reasonable way the right of interstate carriers to do business within its borders; and to some extent at least a state must have the power to say what shall constitute corporate presence within its borders and subject a corporation to suit there in cases affecting its own citizens. If a corporation chooses to come in, it accepts the burden of the statute. It might be doubted whether an interstate carrier became suable at all in a state by merely sending a traveling agent there to solicit business. But this is not that case. Here the defendant maintained a regular office in its own name, which it held out to the public as its agency, and from which it did, apparently, a business of substantial proportions. It does not seem to me unreasonable or unduly burdensome on interstate commerce for the state to say that an interstate carrier which does that shall thereby become amenable to suits in its courts by its citizens concerning shipments to them at places within its borders. It follows that the plea in abatement is not sustained.

The defendant has also moved to dismiss upon the ground that the return of service is defectively drawn. It is a matter of no substantial importance, because the return, if defective, can easily be amended. It seems to me sufficient; but, if the plaintiff desires to amend to obviate the objections which have been made, a motion to that effect may be presented.

Plea in abatement adjudged bad.

Motion to dismiss denied.