# ROBERT R. ERVING v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.[1]

April 8, 1927.

No. 25,913.

**Minnesota policy respecting transitory actions against foreign corporations.**

1. The established policy in this state permits the suing of transitory actions, against foreign corporations, regardless of where the cause of action arose, if they may be reached by process.

**Must be the same with its citizens and nonresidents.**

2. Such policy must operate in the same way upon its own citizens and those of other states.

**What constitutes "doing business" in Minnesota.**

3. A foreign corporation is "doing business" in the state when the character and extent of its business warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the state.

**No undue burden on such companies in submission to jurisdiction of Minnesota courts.**

4. Interstate commerce should carry the burdens incident to a foreign railroad corporation submitting, in transitory actions, to the jurisdiction of the courts of the state wherein it owns or operates trackage or rolling stock.

**When the statute cited does not violate the commerce clause of the constitution.**

5. G. S. 1923, § 7493, when applied to the facts stated in the opinion, does not violate the commerce clause of the federal constitution.

Commerce, 12 C. J. p. 118 n. 55.
Constitutional Law, 12 C. J. p. 1108 n. 48; p. 1127 n. 5 New.
Corporations, 14a C. J. p. 1245 n. 61; p. 1270 n. 81; p. 1382 n. 60, 65, 67; p. 1383 n. 73; p. 1387 n. 13.
Courts, 15 C. J. p. 792 n. 97.

---

See 12 R. C. L. 115; 2 R. C. L. Supp. 1395; 4 R. C. L. Supp. 747.
See note in 70 L. R. A. 532; 7 R. C. L. 1037.

[1]Reported in 214 N. W. 12.

Defendant appealed from an order of the district court for Goodhue county, Johnson, J., denying its motion, made on special appearance, to set aside the service of the summons. Affirmed.

*Brown, Somsen & Sawyer*, for appellant.

*Herbert P. Keller* and *George G. Chapin*, for respondent.

WILSON, C. J.

This is an appeal from an order denying defendant's motion, made on special appearance, to set aside the service of the summons.

Defendant is a railroad corporation organized under the laws of Illinois, Wisconsin and Michigan. Plaintiff, a nonresident of Minnesota, prosecuted this action to recover damages for personal injuries alleged to have been suffered in Illinois because of defendant's negligence at a time when plaintiff was a passenger on one of defendant's trains. The cause of action did not arise out of any business transacted in Minnesota. Defendant owns and operates a line of road between Chicago and points in Wyoming and another line between Chicago and the Black Hills in South Dakota. It has numerous branch lines. It is located in Illinois, Wisconsin, Michigan, Minnesota, Iowa, South Dakota, North Dakota, Nebraska and Wyoming. It crosses this state and has several branches in Minnesota. It has about 650 miles of road in this state with the usual railroad equipment and stations. One of the branch lines extends into Goodhue county wherein this action was commenced.

The statutes of this state authorize the service of a summons upon any railroad company by delivering a copy thereof to any ticket or freight agent of such company within the county in which the action is begun. G. S. 1923, § 9233.

Every foreign corporation is required, in order to transact business in this state, to appoint, in writing, an agent duly authorized to accept service of process and upon whom service of process may be had. G. S. 1923, § 7493. Defendant complied with this statute and the service in this case was made upon its duly authorized agent.

1. The established policy in this state permits the suing of transitory actions, against foreign corporations, regardless of the place where the cause of action arose, if they may be reached by

process. Herrick v. M. & St. L. Ry. Co. 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; Rishmiller v. D. & R. G. R. Co. 134 Minn. 261, 159 N. W. 272. This is the prevailing rule. 7 R. C. L. 1037; 12 R. C. L. 115; Atchison, T. & S. F. Ry. v. Sowers, 213 U. S. 55, 67, 29 Sup. Ct. 397, 53 L. ed. 695; 14A C. J. 1383; 15 C. J. 791 (97).

2. "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." U. S. Const. art. 4, § 2. The state policy decides whether and to what extent the state will entertain in its courts transitory actions where the causes of action have arisen in other jurisdictions. But such policy must operate in the same way upon its own citizens and those of other states. Any other law would be in conflict with the above provision in the federal constitution. Chambers v. B. & O. R. Co. 207 U. S. 142, 28 Sup. Ct. 34, 52 L. ed. 143; State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198; State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145; Davis v. M. St. P. & S. S. M. Ry. Co. 134 Minn. 455, 159 N. W. 1084; State ex rel. Schendel v. District Court, 156 Minn. 380, 194 N. W. 780.

The case of State ex rel. Schendel v. District Court, supra, however, involved a case brought under the federal employers liability act which specifically gave jurisdiction to the state court. Doll v. C. G. W. R. Co. 159 Minn. 323, 198 N. W. 1006.

3 & 4. Defendant seeks to escape the jurisdiction of the court on the theory that by such action interstate commerce is unduly burdened and, hence, the statute attempting to authorize the service was ineffectual. Its claim centers about the cases of Davis v. Farmers Co-Op. Equity Co. 262 U. S. 312, 43 Sup. Ct. 556, 67 L. ed. 996; Atchison, T. & S. F. Ry. Co. v. Wells, 265 U. S. 101, 44 Sup. Ct. 469, 68 L. ed. 928, and Iron City Produce Co. v. Am. Ry. Exp. Co. (Ohio App.) 153 N. E. 316.

The gist of the decision in the Davis, as well as the Wells case, was the fundamental falsity of the particular statute, involved in each case, to permit a citizen and resident of another state to prosecute in the particular state a cause of action which arose elsewhere

against a railroad corporation of another state, which was engaged in interstate commerce, which neither owned nor operated a railroad in the particular state and which had not consented to be sued therein. The falsity of the statute consisted in its converting a mere soliciting agent into one capable of accepting service in actions of every kind. Many railroads have soliciting agents in most of the states and if all the states adopted a similar statute it would have a far-reaching effect and subject the company to litigation far from its real territory. It was held that such statutes would impose an undue burden on interstate commerce. Federal control was also emphasized. The disturbing element of interference with interestate commerce, under federal control, is particularly objectionable because the courts are jealous of the right of the public to have public servants give their undivided efforts and attention to their usual and ordinary duties.

In our judgment there is a distinction between a foreign corporation having only a soliciting agent in a state where it owns no property and where, as in the case at bar, it is an important factor in the business industry of the state. Defendant's large local holdings and commercial activities in Minnesota make it impossible to distinguish its position before our courts from residents of the state. For all practical purposes defendant is physically here. The courts have control over it. We need not consider theoretically whether a corporation may be present in a foreign jurisdiction. People's Tobacco Co. Ltd. v. Am. Tobacco Co. 246 U. S. 79, 38 Sup. Ct. 233, 62 L. ed. 587, Ann. Cas. 1918C, 537. A contrary view has been expressed. Bank of Augusta v. Earle, 13 Pet. 519, 589, 10 L. ed. 274. But the important thing is that if it is not technically present its representatives are. The power of the court will be effectual.

Plaintiff's counsel argues that by filing the statutory prerequisite as a condition upon which it may do business in this state defendant has impliedly agreed to be bound thereby. The state may not require defendant to surrender its constitutional rights as a condition to its doing business in the state. Western U. Tel. Co. v. Kansas, 216 U. S. 1, 30 Sup. Ct. 190, 54 L. ed. 355; Pullman Co. v. Kansas,

216 U. S. 56, 30 Sup. Ct. 232, 54 L. ed. 378; Looney v. Crane Co. 245 U. S. 178, 38 Sup. Ct. 85, 62 L. ed. 230; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. ed. 942; Terral v. Burke Const. Co. 257 U. S. 529, 42 Sup. Ct. 188, 66 L. ed. 352, 21 A. L. R. 186; Home Ins. Co. v. Morse, 87 U. S. 445, 458, 22 L. ed. 365; Henderson, Position of Foreign Corporations, c. VIII, 132.

Our statute requires that a foreign corporation doing business in our state shall submit to the jurisdiction of our courts by appointing an agent upon whom service of process may be had. This is a reasonable exercise of power to regulate business. It does not, in itself, impose an improper burden upon interstate commerce. Int. Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. ed. 1479; Davis v. Cleveland, C. C. & St. L. Ry. Co. 217 U. S. 157, 30 Sup. Ct. 463, 54 L. ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907; Interstate Amusement Co. v. Albert, 239 U. S. 560, 36 Sup. Ct. 168, 60 L. ed. 439; 21 Illinois Law Rev. 724. The state may certainly compel such corporation to submit to the jurisdiction of its courts. Kane v. New Jersey, 242 U. S. 160, 37 Sup. Ct. 30, 61 L. ed. 222; Interstate Amusement Co. v. Albert, supra; Maverick Mills v. Davis, (D. C.) 294 F. 404. The state may impose such conditions upon the right of a foreign corporation to do business therein as it may see fit so long as they do not conflict with the federal constitution. Ordinarily an acceptance of such conditions is binding. O'Brien v. So. Bell Tel. & Tel. Co. (D. C.) 292 F. 379; 14A C. J. 1387 (13); Denver & R. G. R. Co. v. Roller (C. C. A.) 100 F. 738, 49 L. R. A. 77; Bagdon v. P. & R. C. & I. Co. 217 N. Y. 432, 111 N. E. 1075, L. R. A. 1916F, 407, Ann. Cas. 1918A, 389; Lafayette Ins. Co. v. French, 18 How. 404, 15 L. ed. 451; Smolik v. P. & R. C. & I. Co. (D. C.) 222 F. 148; B. & O. R. Co. v. Harris, 12 Wall. 65, 81, 20 L. ed. 354; Ex parte Schollenberger, 96 U. S. 369, 24 L. ed. 853; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. ed. 942; N. Y. L. E. & W. R. Co. v. Estill, 147 U. S. 591, 608, 13 Sup. Ct. 444, 37 L. ed. 292; State v. St. Mary's Franco-American P. Co. 58 W. Va. 108, 51 S. E. 865, 1 L. R. A. (N. S.) 558, 112 Am. St. 951, 6 Ann. Cas. 38, and note; Beale, Foreign Corporations, §§ 264, 265, 266. It would

seem that defendant is just as amenable to the courts of the state as are residents of the state but it seeks to avoid the Minnesota courts, in this action, by the way of a so-called exception to the rule which, it claims, is established by the Davis case.

It has long been settled that the presence in the state of a mere soliciting agent and nothing more does not make a foreign corporation present in the state so as to subject it to a suit and process of the state courts. People's Tobacco Co. Ltd. v. Am. Tobacco Co. 246 U. S. 79, 38 Sup. Ct. 233, 62 L. ed. 587, Ann. Cas. 1918C, 537; Stephan v. Union Pac. Ry. Co. (D. C.) 275 F. 709; O'Brien v. So. Bell Tel. & Tel. Co. (D. C.) 292 F. 379; Maverick Mills v. Davis, (D. C.) 294 F. 404; State ex rel. v. Hoffman, 309 Mo. 625, 274 S. W. 362, and cases cited. The contrary of this proposition was what the statute in the Davis case sought to establish. Ordinarily a foreign corporation is doing business in a state when its business is such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the state. St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77; Int. Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. ed. 1479; Tauza v. Susquehanna Coal Co. 220 N. Y. 259, 115 N. E. 915; People's Tobacco Co. Ltd. v. Am. Tobacco Co. supra; Stephan v. Union Pac. Ry. Co. supra; Philadelphia & R. Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. ed. 710; F. & M. Bank v. Fed. Reserve Bank (D. C.) 286 F. 566; Washington-Virginia Ry. Co. v. Real Estate Tr. Co. 238 U. S. 185, 35 Sup. Ct. 818, 59 L. ed. 1262. This authorizes the inference that it is present. With this fundamental understanding as to "doing business" it is idle to contend that a soliciting agent's activities may so characterize his company. We are of the opinion that a corporation is present and can be found wherever it is so engaged in "doing business" within such meaning of the term.

We must recognize the fact that under the circumstances of this case, keeping in mind the privilege clause of the constitution, it was reasonable to take jurisdiction. If so jurisdiction usually exists. F. & M. Bank v. Fed. Reserve Bank (D. C.) 286 F. 566; 32 Harv. Law

Rev. 871, 885. The theory of being present in the state has done much to modify the rule requiring consent. 30 Harv. Law Rev. 676, 694. Defendant's engagement in business in the state doubtless commits it to a recognition of the right to serve process under G. S. 1923, § 9233, which is not here involved. Nor must we overlook the fact that interstate commerce does not exempt defendant from suits in the state courts under the same circumstances and at the same place as though it were not engaged in interstate commerce. Int. Harvester Co. v. Kentucky, supra; Harris v. Am. Ry. Exp. Co. 56 App. D. C. 264, 12 F. (2d) 487; Knapp v. Bullock Tractor Co. (D. C.) 242 F. 543. Where a foreign corporation is so extensively carrying on its business in the state owning therein 650 miles of track with its usual equipment in charge of its officials and agents, having a designated agent upon which service may be made, as well as subjecting itself to the general law for service on local agents— it being amenable to such law—it should not be held that it can escape the local courts on the claim that the suit imposes an undue burden on interstate commerce. Harris v. Am. Ry. Exp. Co. supra.

Giving due recognition to defendant's presence in the state and the absence of federal control, there is little in this case to invoke the doctrine of the Davis case. The burden to interstate commerce from this case is trivial. Defendant's line extends from the place of the accident into the county where the cause of action is pending. But defendant does not direct its attack at the burden incident to bringing the necessary witnesses in this specific case. The attack is general and in substance is aimed at what is sometimes referred to as "imported cases" which in themselves do not present a judicial question.

In our view it is not the domicile of a plaintiff which makes the burden to interstate commerce an unreasonable one. Indeed, when interstate commerce is involved there are no state lines. Oklahoma v. Kansas Nat. Gas. Co. 221 U. S. 229, 255, 31 Sup. Ct. 564, 55 L. ed. 716, 35 L. R. A. (N. S.) 1193. Whether a plaintiff has his domicile on one side or the other of a real or imaginary line cannot be the test. Through the superior authority of our fundamental law per-

sons on either side of such line, as we have indicated, are entitled
to the same privileges. The plaintiff's residence cannot be the test.
If a resident of Goodhue county had been injured in the same acci-
dent his action in the same court would have imposed the same
degree of burden upon interstate commerce. In that event defend-
ant apparently would not have complained. At least it should not,
in such case, be possible for it to successfully complain.

The degree of the incidental burden rests more properly upon the
distance between the place of trial and the point of origin of the
cause of action, and where the amount of the claim is dispropor-
tionate to the apparent burden or interference.

Article 4, § 2, of the U. S. constitution will not permit the state
legislature to say to nonresident plaintiffs: "Our courts are open
only to our residents to recover for personal injuries arising out of
accidents in other states." Defendant says the commerce clause in
our supreme law will not permit the imposition of this incidental
burden to interstate commerce. This does not present antagonistic
provisions of restraint in the constitution. Commerce, like every
person and every industry, must carry burdens. It is only unrea-
sonable burdens that are intolerable. We see no reason why inter-
state commerce should not carry the burdens incident to a foreign
railroad corporation submitting in such cases to the jurisdiction of
the courts in any state wherein it owns or operates trackage or
rolling stock. This claim of interference or burden to interstate
commerce must not be exaggerated. Such burden will seldom occur.
It can only be occasional and temporary. The ordinary duties of a
railroad are quite certain and provision for them can be easily made.
It is given ample time for preparation. We may assume that a rail-
road company is well equipped to properly protect itself in litiga-
tion throughout its entire system, and so long as it is not required
to go beyond its own territory, i. e., the states reached by its own
tracks or rolling stock, to defend in such actions it should be held
that such suits are not an undue burden to commerce. We will not
introduce a rule that will unnecessarily force a resident of the state
to go to a foreign jurisdiction for justice.

We think the authorities urged by defendant are not inconsistent with our conclusion which finds support in Harris v. Am. Ry. Exp. Co. supra; Rosenblet v. Pere Marquette Ry. Co. 162 Minn. 55, 202 N. W. 56; Norris v. Illinois Cent. Ry. Co. 18 F. (2d) 584; Dennick v. Central R. Co. 103 U. S. 11, 26 L. ed. 439; A. T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. ed. 695; Schendel v. McGee (C. C. A.) 300 F. 273; St. L. B. & M. Ry. Co. v. Taylor, 266 U. S. 200, 45 Sup. Ct. 47, 69 L. ed. 247; 14A C. J. 1382.

5. We hold that G. S. 1923, § 7493, as here involved, does not violate the commerce clause of the federal constitution.

Affirmed.

QUINN, J. (dissenting).

The holding in Davis v. Farmers Co-Op. Equity Co. 262 U. S. 312, 43 Sup. Ct. 556, 67 L. ed. 996, is, in my opinion, decisive of this case. While the opinion in that case states specifically that the carrier neither owned nor operated a railroad within the state, it is manifest that the basic reason for the decision is undue interference with, and unreasonable burden upon, interstate commerce. Such is the interpretation given that decision by state courts. In Iron City Produce Co. v. Am. Ry. Exp. Co. 153 N. E. 316, the court of appeals of Ohio says that the Ohio statute, authorizing service of process on a managing agent of a foreign corporation within the state, is held repugnant to the commerce clause of the federal constitution (article 1, § 8, subd. 3) in so far as it permits suits by nonresidents against foreign interstate carriers on causes of action arising and originating in transactions had outside the state. The fact that the carrier is operating within the state (as it undoubtedly was) is disregarded. The fact that it was a suit against a foreign carrier, engaged in interstate commerce, upon a cause of action arising outside the state, growing out of a transaction not within the state and by a plaintiff not a resident of the state, was held sufficient to require the application of the rule announced in the Davis case.

We can conceive of no good reason why the trial in Minnesota of a crossing case, for instance against the Milwaukee road, arising in the state of Washington, in favor of a resident of that state, is

any less an interference with, and burden upon the interstate operations of that road, than is the trial in Minnesota of a loss and damage claim arising in Kansas in favor of a resident of that state against the Santa Fe railroad. The decision in the Davis case, followed in the Wells case, 265 U. S. 101, 44 Sup. Ct. 469, 68 L. ed. 928, is leveled directly at the practice of imposing upon interstate carriers the expense and loss incident to the trial, in states remote from that in which the cause of action arose, of questions of liability which they deem advisable to submit to the determination of the courts. The meaning of the language used in that case [262 U. S. 315] is unmistakable.

"That litigation in states and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers; these are matters of common knowledge. Facts, of which we, also, take judicial notice, indicate that the burden upon interstate carriers imposed specifically by the statute here assailed is a heavy one; and that the resulting obstruction to commerce must be serious. During federal control absences of employees incident to such litigation were found, by the Director General, to interfere so much with the physical operation of the railroads, that he issued General Order No. 18 (and 18A) which required suit to be brought in the county or district where the cause of action arose or where the plaintiff resided at the time it accrued. That order was held reasonable and valid in Alabama & Vicksburg Ry. Co. v. Journey, 257 U. S. 111 [42 Sup. Ct. 6, 66 L. ed. 154]. The facts recited in the order, to justify its issue, are of general application, in time of peace as well as of war. * * * The public and the carriers are alike interested in maintaining adequate, uninterrupted transportation service at reasonable cost. This common interest is emphasized by Transportation Act, 1920, which authorizes rate increases necessary to ensure to carriers efficiently operated a fair return on property devoted to the public use. See Railroad Commission of Wisconsin v. Chicago, Burlington & Quincy R. R. Co. 257 U. S. 563 [42 Sup. Ct. 232, 66

L. ed. 371, 22 A. L. R. 1086]; New England Divisions Case, 261 U. S. 184 [43 Sup. Ct. 270, 67 L. ed. 605]. Avoidance of waste, in interstate transportation, as well as maintenance of service, has become a direct concern of the public. With these ends the Minnesota statute, as here applied, unduly interferes. By requiring from interstate carriers general submission to suit, it unreasonably obstructs, and unduly burdens, interstate commerce."

This language of the Supreme Court, in my judgment, is sufficient to cover G. S. 1923, §§ 7493, 9231 and 9233, in so far as those sections permit suits by nonresidents against interstate foreign carriers on causes of action arising outside of the state and originating in transactions not within the state. In so holding, we are not overruling the Schendel case, 156 Minn. 380, 194 N. W. 780. That case arose under the federal employers liability act. The question there was a federal one—here it is not.

By section 6 of the amendment of April 5, 1910, to the federal employers act, a right created in an employe by congressional act was made enforceable in any district where the employer might be doing business at the time of commencing the action, and the jurisdiction of the federal courts was made concurrent with that of the courts of the several states, and no case arising under that act, brought in a state court of competent jurisdiction, may be removed to the federal court. Such being the declaration of congress, and no express legislative act of the state having withheld jurisdiction of actions by nonresident employes upon causes of action arising outside the state, we recognized the right of the employe to enforce his claim where jurisdiction of the cause and the parties had been obtained. If it be said that entertaining such suits unduly burdens interstate commerce, the answer is that congress may, if it chooses, so burden interstate commerce, while the states may not. It was therefore said in the Schendel case that there was a right in the suitor and a corresponding duty in the court.

In the case at bar, there is no such right in the suitor and consequently no corresponding duty in the court. The whole question rests solely upon the commerce clause of the federal constitution.

It does not involve the question of citizenship, except as to the non-residence of the plaintiff, and the fact that he may have orderly and efficient administration of justice in the state of his residence and in the state where the cause of action arose is incidental to the matter of the reasonableness of entertaining his suit here. Whether the same limitation should apply to resident citizens of our own state, where their causes of action arise at points remote from the state, out of transaction not had within the state, and whether such limitation shall apply to any action under the federal employers liability act are matters for the consideration of the state legislature. In the instant case, the defendant is subject to service in the county in Illinois where the accident occurred and where plaintiff resides.