**Mary M. KNOWLTON, Appellant,**

v.

**ALLIED VAN LINES, INC., and Schick Movers, Inc., Appellees.**

**No. 89–1402.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1989.

Decided April 5, 1990.

Michael W. McNabb, Burnsville, Minn., for appellant.

Michael C. Lindberg, Minneapolis, Minn., for appellees.

Before ARNOLD and MAGILL, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

ARNOLD, Circuit Judge.

Mary Knowlton began this action for personal injuries in the United States District Court for the District of Minnesota. The defendants moved to dismiss for lack of jurisdiction over their persons. The District Court agreed that it lacked jurisdiction, but instead of dismissing the complaint it transferred the case to the Southern District of Iowa under 28 U.S.C. § 1406(a). That court then dismissed the complaint as barred by the Iowa two-year statute of limitations. The plaintiff appeals. She does not deny that the Iowa statute, if it applies, bars her action. She argues instead that the Minnesota district court in fact had jurisdiction over the person of the defendant Allied Van Lines, Inc. It was therefore error for that court to transfer the case to the Iowa district court under Section 1406(a). She asks that the case be transferred back to Minnesota. (The Minnesota statute of limitations would not bar the action.) We agree with the position taken by the plaintiff.

I.

On June 3, 1982, Mary Knowlton was on her way from her home in Minnesota to a family reunion in Colorado. She was driving through Iowa and approaching the City of Atlantic when her car and a moving van behind her collided. The van had been travelling from Iowa to Nebraska. Merchants Transfer, an Iowa corporation with its principal office in Iowa, operated the van as agent and under license of Allied Van Lines. Allied is a Delaware corporation whose principal office is located in Illinois. Allied does business in Minnesota and, at the time of the accident, had appointed a registered agent in that state to

receive service of process pursuant to Minn.Stat. § 303.10.[1]

In May of 1988, Ms. Knowlton filed this case against Allied and Schick Movers, the successor of Merchants Transfer, in the United States District Court for the District of Minnesota.[2] Knowlton, by the time of filing a citizen of Colorado, invoked the court's jurisdiction under 28 U.S.C. § 1332. Complete diversity existed among the parties. The Sheriff of Hennepin County, Minnesota, then served the complaint and summons upon CT Corporation—the registered agent appointed by Allied Van Lines to receive service of process under Minn.Stat. § 303.10. Allied moved to dismiss the action for lack of personal jurisdiction and improper venue or, alternatively, to transfer venue under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

The District Court for the District of Minnesota held that it lacked personal jurisdiction over the defendant. The Court thought its only means of obtaining personal jurisdiction over an out-of-state defendant was through the Minnesota long-arm statute, Minn.Stat. § 543.19, and the facts in this case could not support an invocation of that statute. The Court reasoned that Subdivision 3 of the statute requires a connection between the cause of action and business conducted in Minnesota, and that such a connection was not present here. The Court believed that a foreign corporation's designation of a registered agent for service of process under Minn.Stat. § 303.10 was not sufficient consent for the Court to assert personal jurisdiction over it. The Court then transferred the case to the District Court for the Southern District of Iowa under 28 U.S.C. § 1406(a). Shortly after the transfer, Allied moved that Court to dismiss the complaint with prejudice be-

cause the plaintiff's action was barred by the Iowa two-year statute of limitations for personal-injury claims. Iowa Code § 614.1.2. The Court granted the motion and dismissed the case with prejudice on February 17, 1989.

II.

The plaintiff contends that the Minnesota court erred in concluding that jurisdiction over a non-resident defendant must be obtained, if at all, pursuant to the long-arm statute. She says the Court had jurisdiction over Allied because it consented to be sued in the State of Minnesota by appointing a registered agent to receive service of process.

Traditionally, the basis of jurisdiction over a person was territorial sovereignty. If a person, natural or corporate, was physically present in a state, that state's courts had jurisdiction over the person. At bottom, the basis of jurisdiction was physical power. See *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877). Then, as transportation and communications improved, and interstate business increased, the needs of modern society called forth new legal concepts. The doing of various acts within the State—for example, driving an automobile—was equated, by statute, with consent or submission to the jurisdiction, even by nonresidents. See *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). This trend culminated in the so-called long-arm statutes, which asserted jurisdiction over nonresidents, either individual or corporate, who made contracts, committed torts, or caused certain consequences within the State. See *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). If the act done fit

---

1. Like many states, Minnesota requires that all foreign corporations wishing to transact business within its boundaries comply with its Foreign Corporation Act, Minn.Stat. § 303 et seq., which, among other things, requires a foreign corporation to appoint an agent for service of process, failing which that corporation will be barred from maintaining an action in Minnesota. If a foreign corporation complies with the Act, it will possess "within the state the same

rights and privileges that a domestic corporation would possess ..., and shall be subject to the laws of this state." Minn.Stat. § 303.09.

2. The plaintiff subsequently admitted that the District Court in Minnesota could not exercise personal jurisdiction over Schick Movers, and she dropped her claim against Schick.

the definitions of state law, and if "traditional conception[s] of fair play and substantial justice," *International Shoe Co.,* 326 U.S. at 320, 66 S.Ct. at 160, were not violated, jurisdiction was present. This kind of jurisdiction, though, was valid only as to claims related to the in-state activity specified in the long-arm statute. It has come to be known as "specific jurisdiction." See *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). It exists only as to claims that have a sufficiently substantial connection or "nexus" with whatever the defendant has done to bring it within the long-arm law.

■ The District Court analyzed this case under the Minnesota long-arm statute, correctly holding that the plaintiff's claim neither arose out of nor was related to anything that Allied did in Minnesota. There are two other major ways of getting jurisdiction over someone's person, however. First, there is "presence"—the conduct of business within a state on a sustained and systematic basis. If a defendant is "present" in the State in that sense, jurisdiction over it exists under the old rubric of physical power or sovereignty. See *Perkins v. Benguet Consol. Min. Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). And this jurisdiction—subject always to whatever outer limits the Due Process Clause imposes—is "general." It exists as to all claims against the defendant, whether or not arising out of or related to activities within the State. See *Helicopteros,* 466 U.S. at 414 n. 9, 104 S.Ct. 1872 n. 9. Plaintiff in this case claims that Allied's business activities in Minnesota are so pervasive that jurisdiction exists even as to claims, such as this one, that are not related to those activities. Because we hold that there is jurisdiction based on consent, we find it unnecessary to pursue this aspect of the analysis.

■ Consent is the other traditional basis of jurisdiction, existing independently of long-arm statutes. Personal jurisdiction, unlike subject-matter jurisdiction, is primarily concerned with fairness to individual parties. Objections to jurisdiction over the person may be waived, either expressly or by not asserting them in a timely manner. A defendant may voluntarily consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it. See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). One of the most solidly established ways of giving such consent is to designate an agent for service of process within the State.

■ The District Court thought such a designation was not the equivalent of consent to jurisdiction. This is where we disagree. The whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts. The effect of such a designation can be limited to claims arising out of in-state activities, and some statutes are so limited, but the Minnesota law contains no such limitation. Section 303.13, Subdivision 1(1), provides simply that "[a] foreign corporation shall be subject to service of process ... [b]y service on its registered agent...." There are no words of limitation to indicate that this type of service is limited to claims arising out of activities within the state. By contrast, under § 303.13 subdivision 1(2), if a foreign corporation authorized to transact business in Minnesota fails to appoint a local registered agent upon whom service of process may be had, then service can be made on the Secretary of State, provided, however, that if the corporation has withdrawn from the state, this type of service is valid "only when based upon a liability or obligation of the corporation incurred within this state or arising out of any business done in this state by the corporation prior to the issuance of a certificate of withdrawal." These words of limitation, occurring in the very same section of the statute, clearly indicate that the Legislature knew how to limit the purposes of service of process when it wanted to do so, and that provisions for service without such an express limitation are intended to apply to any claims made against a corporation with a registered agent within the state. In addi-

tion, Subdivision 4 of the same section provides that service of process authorized by the section is supplementary and additional to other methods of service of process. The fact, in other words, that the long-arm statute, § 543.19, provides its own method of service (simple personal service on the defendant outside the state) does not mean that it supersedes § 303.13. See also § 543.19, Subdivision 4: "Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereafter provided by law...."

The Supreme Court of Minnesota has interpreted the statutes in just this way. It adheres to the prevailing rule, which permits suit on transitory causes of action, such as those for personal injuries, regardless of where the cause of action arose, so long as the defendant is present in the State, or has consented to its jurisdiction, and has been served in accordance with law. See *Erving v. Chicago & N.W. Ry. Co.*, 171 Minn. 87, 214 N.W. 12 (1927), (interpreting the statutory predecessor of Minn.Stat. § 303.13). Cases in the federal courts are in accord with this construction. *Arney v. Central Electric & Gas Co.*, 66 F.Supp. 401 (D.Minn.1946) (Nordbye, J.); *Bowles v. L.D. Schreiber & Co.*, 56 F.Supp. 814 (D.Minn.1944). We conclude that appointment of an agent for service of process under § 303.10 gives consent to the jurisdiction of Minnesota courts for any cause of action, whether or not arising out of activities within the state. Such consent is a valid basis of personal jurisdiction, and resort to minimum-contacts or due-process analysis to justify the jurisdiction is unnecessary. See *Bauxites*, 456 U.S. at 703, 102 S.Ct. at 2104. Appointment of a registered agent for service is not one of the specific types of consent listed by the Supreme Court in the cited case, but it is nevertheless a traditionally recognized and well-accepted species of general consent, possibly omitted from the Supreme Court's list because it is of such long standing as to be taken for granted. We hold, in short, that the United States District Court for the District of Minnesota did, by virtue of consent, have jurisdiction over the person of the defendant Allied Van Lines, Inc.

It also appears that Allied has consented to suit in Minnesota under 49 U.S.C. § 10330. Neither side cited this statute to us, but we add a few words about it for the guidance of the bar. This section requires every interstate carrier subject to the jurisdiction of the Interstate Commerce Commission to designate an agent for service of process in each state in which it operates. The carrier must also file a written copy of that designation with the proper state authorities. At the oral argument, Allied admitted that it has appointed an agent in Minnesota pursuant to this statute, and that that agent is the same one served in this case. This designation of an agent, in accordance with federal law, also operates as consent to the personal jurisdiction of the Minnesota courts. See *Shapiro v. Southeastern Greyhound Lines*, 155 F.2d 135 (6th Cir.1946) (action in an Ohio federal court against a Kentucky corporation; the plaintiff was from Illinois, and the accident occurred in Georgia; jurisdiction over the person upheld because the corporation had appointed an agent in Ohio pursuant to 49 U.S.C. § 321(c), predecessor to the present 49 U.S.C. § 10330).

### III.

It follows that the judgment of the District Court in Iowa, although correct on its own terms, must be vacated, and the cause remanded with instructions to re-transfer this case to the District Court in Minnesota. Allied contends, entirely apart from considerations of jurisdiction over its person, that the transfer from Minnesota to Iowa was correct because venue was improper in Minnesota, but we cannot agree. Because Schick has dropped out as a co-defendant, the District of Minnesota is now a district in which all defendants (that is, Allied) reside. Venue is proper there in a diversity case. 28 U.S.C. § 1391(a). It is proper to assess the propriety of venue on the basis of circumstances as they now exist, as opposed to the state of affairs that obtained when the complaint was first filed against two defendants. See *Newman–*

*Green, Inc. v. Alfonzo–Larrain,* —— U.S. ——, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).

When the case gets back to the District Court for the District of Minnesota, it will still be open to Allied to file a motion for transfer of venue under 28 U.S.C. § 1404(a). This section assumes that venue is proper in the court where the action is initially filed, and also that that court has jurisdiction over the person of the defendant. It authorizes transfer, in such cases, in the interests of justice and for the convenience of parties and witnesses. Considerations of inconvenience, including the location of witnesses and other evidence, can be addressed under this provision. If a motion for transfer under § 1404(a) is made, the District Court should of course consider it, and we express no view on the merits of such a motion. We note, however, that if the motion is granted, and the case comes back to the United States District Court for the Southern District of Iowa, the law of the transferor forum, Minnesota, including its choice-of-law rules, would govern. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In other words, if Minnesota would apply its own statute of limitations to this case, the same statute must be applied by the District Court in Iowa in the event of a re-transfer. This is a key distinction between transfers under § 1404(a) and those under § 1406(a). In the latter kind of case, the law of the transferee forum controls. That is of course why the Iowa district court dismissed the present case on the basis of the Iowa statute of limitations.

The judgment of the United States District Court for the Southern District of Iowa is vacated, and this cause is remanded to that Court with directions to re-transfer it to the United States District Court for the District of Minnesota. That Court should then conduct further proceedings consistent with this opinion.

It is so ordered.