**RYKOFF–SEXTON, INC., Appellant,**

v.

**AMERICAN APPRAISAL
ASSOCIATES, INC.,
Respondent.**

**No. C4–90–696.**

Supreme Court of Minnesota.

May 3, 1991.

Charles Quaintance, Jr., David F. Herr, Virginia A. Bell, Richard A. Kempf, Maslon, Edelman, Borman & Brand, Minneapolis, for appellant.

Donald F. Hunter, Laura L. Myslis, Gislason, Dosland, Hunter & Malecki, Minnetonka, for respondent.

KEITH, Chief Justice.

Rykoff–Sexton, Inc. (Rykoff) appeals from the court of appeals' order dismissing its complaint based on the absence of personal jurisdiction. The court of appeals held that because the state long arm statute, Minn.Stat. § 543.19, subd. 3 (1990), which authorizes the exercise of jurisdiction only when the cause of action arises out of forum contacts, was not satisfied, personal jurisdiction over respondent American Appraisal Associates, Inc. (American Appraisal), a foreign corporation licensed to do business in Minnesota, was improper. We reverse.

I

Both plaintiff and defendant are Delaware corporations registered to do business in the State of Minnesota. Plaintiff Rykoff's headquarters are in Los Angeles, California; Respondent, American Appraisal, is headquartered in Milwaukee, Wisconsin. In the summer of 1985, Rykoff and a third party contracted for an appraisal and sale of property owned by the third party in Los Angeles, California. Rykoff's primary outside counsel, located in Minneapolis, negotiated a letter of instruction regarding the appraisal with American Appraisal and the third party seller, apparently over the telephone. One of the Minneapolis attorneys involved in the negotiations was secretary of Rykoff and a member of its board of directors.

Although the record is not fully developed, it appears American Appraisal's Minnesota personnel, which number at least 20 and are located in two Minnesota offices, were not involved in the Los Angeles appraisal. One of American Appraisal's California offices sent the originals of a preliminary draft and the final appraisal to Rykoff's Minneapolis counsel and sent copies to the California offices of the parties to the sale. The property in question was appraised at $3,500,000, which became the selling price.

In 1988 Rykoff contracted with a broker to list this property for sale. The broker informed Rykoff that American Appraisal had overstated the square footage in this parcel by more than 37,000 square feet, which allegedly cost Rykoff more than $440,000. Rykoff filed a complaint in Hennepin County alleging American Appraisal's breach of contract, breach of fiduciary duty, negligence and fraud.

On American Appraisal's motion to dismiss for lack of personal jurisdiction, the trial court found the constitutional test for "minimum contacts" satisfied, and held that because the state long arm statute was intended to extend jurisdiction to the constitutional limits, the long arm statute could not defeat jurisdiction. The trial court also found the doctrine of forum non conveniens did not require dismissal. The court of appeals reversed and ordered the complaint dismissed, based on the long arm statute's requirement that the cause of action arise out of the foreign defendant's Minnesota contacts. *Rykoff–Sexton, Inc. v. American Appraisal Assocs.*, 460 N.W.2d 78, 82 (Minn.App.1990).

II

One of the oldest tenets of personal jurisdiction is that a defendant may

voluntarily submit to the jurisdiction of a court. Equally well-established is the principle that a state may exact from the nonresident, as a condition of performing some activity in the state, consent to personal jurisdiction. *See Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). Minnesota has done so by requiring the appointment of an agent for service of process as a condition to transacting business in the state. Minn.Stat. § 303.03, .06, .13 (1990). Although the jurisprudence of personal jurisdiction has centered for the past few decades on the constitutional minimum contacts test of "fair play and substantial justice," consent remains a viable method of obtaining personal jurisdiction over a nonresident defendant. With consent, resort to the constitutional test for personal jurisdiction is not required because the defendant obviously can "reasonably anticipate being haled into court" after consenting to jurisdiction. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Similarly, resort to analysis under Minnesota's long arm statute is unnecessary because the long-arm provision addresses extraterritorial service of process. *See Hunt v. Nevada State Bank*, 285 Minn. 77, 96, 172 N.W.2d 292, 304 (1969), *cert. denied sub nom., Burke v. Hunt*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970). Once the defendant has appointed an agent for service of process located in the state, resort to extraterritorial service is unnecessary. Accordingly, personal jurisdiction pursuant to the consent of the defendant does not invoke constitutional or long arm statutory analysis.

■ In this case American Appraisal has registered to do business in Minnesota. Foreign corporations in Minnesota are required to procure a certificate of authority before transacting business in the state. Minn.Stat. § 303.03 (1990). The application for the certificate of authority requires the corporation to "irrevocably consent[ ] to the service of process upon it as set forth in section 303.13." Minn.Stat. § 303.06 (1990). Section 303.13, subdivision 1(1), states simply that a foreign corporation is subject to service of process by service on its registered agent. Finally, chapter 303 also provides a foreign corporation operating under a certificate of authority possesses the same rights and privileges as a domestic corporation, and is subject to the laws of this state. Minn.Stat. § 303.09 (1990).

American Appraisal argues consent to service of process under chapter 303 does not constitute consent to personal jurisdiction. In *Erving v. Chicago & N.W. Ry. Co.*, 171 Minn. 87, 214 N.W. 12 (1927), we held foreign corporations were subject to suit in Minnesota if they could be reached by process, regardless of where the cause of action arose. *Id.* at 88–89, 214 N.W. at 12. We have long construed valid service of process as a means of acquiring personal jurisdiction over the individual defendant. *Jasperson v. Jacobson*, 27 N.W.2d 788, 793, 224 Minn. 76, 82 (Minn.1947); *see also* Restatement (Second) of Conflicts § 44 comments a, b (1971). The same is true for nonresident corporate defendants. *Knowlton v. Allied Van Lines*, 900 F.2d 1196, 1200 (8th Cir.1990) (noting appointment of agent for service of process is a "traditionally recognized and well-accepted species of general consent" to personal jurisdiction). Because American Appraisal irrevocably consented to service of process by registering an agent, it has consented to personal jurisdiction.

Other states have limited personal jurisdiction based on transacting business in the state to claims arising out of contacts with the forum. *See, e.g.*, Ill.Ann.Stat. ch. 110, ¶ 2–209 (Smith–Hurd 1983). In contrast, Minnesota's statutory scheme for express consent to service extends to all causes of action, not just those arising out of contacts with Minnesota. Minn.Stat. § 303.13 (1990); *see also* Minn.Stat. § 543.19, subd. 4 (1990) (long-arm statute requiring claim to arise out of forum contacts does not limit or affect right to serve process in any other manner provided by law). As the *Knowlton* court observed, the legislature knows how to limit consensual service of process to claims arising out of forum contacts, and apparently chose not to do so for

claims against registered corporations in Minnesota. 900 F.2d at 1199. It is the legislature's province to assess the burden on the state's business climate of the assertion of jurisdiction by Minnesota courts. For our part, we find no constitutional defect in the assertion of jurisdiction based on consent to service of process. As a plurality of the United States Supreme Court has recently rearticulated in *Burnham v. Superior Court,* —— U.S. ——, 110 S.Ct. 2105, 2116, 109 L.Ed.2d 631 (1990), for a doctrine of personal jurisdiction that courts traditionally have observed, "its validation is its pedigree." We consider the consent of the defendant to service of process, exacted as a condition of doing business in Minnesota, to be one of the time-honored bases of personal jurisdiction and not constitutionally suspect. Accordingly, the trial court properly denied defendant's motion to dismiss based on the absence of personal jurisdiction.

## II

■ When the exercise of personal jurisdiction imposes a hardship that does not rise to the level of a due process violation, dismissal on the basis of forum non conveniens may be an appropriate remedy. The remedy is an equitable one, however, and we review the trial court's determination only for an abuse of discretion. *Hague v. Allstate Ins. Co.,* 289 N.W.2d 43, 45 (Minn. 1978), *aff'd,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). The trial court found that because American Appraisal's corporate officers and employees are available to testify in Minnesota, and, because of deference due the plaintiff's choice of forum, the complaint could not be dismissed on the basis of forum non conveniens. Relevant considerations used in analyzing the forum non conveniens issue are:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * But unless the

balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Hague,* 289 N.W.2d at 46 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

There is no showing the California witnesses would be unable to attend suit in Minnesota, and at least two people involved in contracting for the appraisal are located in the state. In light of these facts, we cannot say the trial judge abused her discretion in finding the balance was not strongly in favor of American Appraisal.

Reversed and remanded for further proceedings.